12 CIV 6065

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------- x

Beastie Boys, a New York Partnership,                    12-CV-____ ( __ )
Michael Diamond, Adam Horovitz and
Dechen Yauch as Executor of the Estate of
Adam Yauch, deceased, each individually
and collectively d/b/a Brooklyn Dust Music,    :    **COMPLAINT**

                    Plaintiffs,                           :

        – against –                                       :

Monster Energy Corporation,

                    Defendant.                            :

------------------------------------------- x

        Plaintiffs Beastie Boys, a New York Partnership, and Michael Diamond,

Adam Horovitz and Dechen Yauch as Executor of the estate of Adam Yauch, deceased,

d/b/a Brooklyn Dust Music, by their attorneys, Sheppard Mullin Richter & Hampton

LLP, for their Complaint, allege as follows:

## JURISDICTION

        1.        This action for copyright infringement, unfair competition, and violation of

New York Civil Rights law arises under the Copyright Laws of the United States,

17 U.S.C. § 101 et seq., 15 U.S.C. § 1125-a and New York Civil Rights Law § 51.

        2.        This Court has subject matter jurisdiction under 28 U.S.C. § 1338(a) and

(b) under the Copyright Laws of the United States, 17 U.S.C. § 101 et seq. and the

Lanham Act, 15 U.S.C. § 1125-a.

        3.        Venue in this district is proper under 28 U.S.C. § 1400(b).

## THE PARTIES

4.      Plaintiff Michael Diamond, professionally known as "Mike D" ("Diamond"), is an individual, who resides in Brooklyn, New York.

5.      Plaintiff Adam Horovitz, professionally known as "Ad-Rock" ("Horovitz"), is an individual, who resides in New York, New York.

6.      Plaintiff, Dechen Yauch is the Executor of the Estate of Adam Yauch, the deceased Beastie Boys member, Adam Yauch, professionally known as "MCA" who resided in New York, New York ("Yauch").

7.      Plaintiff Beastie Boys, a New York Partnership ("Partnership"), with its principal place of business in New York, New York, is the business entity which owns or controls, *inter alia*, the performances, sound recording copyrights, trademarks and rights of publicity of Diamond, Horovitz and Yauch, including as the composing, recording and performing group Beastie Boys.

8.      Beastie Boys are one of the longest-lived hip hop and alternative music composing, recording and performing artists in the world.  They have been a commercial success and garnered the highest critical praise for more than twenty-five years, and were inducted into The Rock and Roll Hall of Fame in May 2012.

9.      Plaintiff Brooklyn Dust Music ("Brooklyn Dust"), is the business name under which plaintiffs Diamond and Horovitz and Yauch have done and currently do business administering copyrights in the musical compositions authored by any or all of Diamond, Horovitz and Yauch, with its principal place of business in New York, New York.

10.    Upon information and belief, defendant Monster Beverage Corporation ("Monster") is a Delaware corporation with its principal place of business at 550 Monica Circle, Suite 201, Corona, California 92880.  Upon information and belief, Monster is a maker and distributor of energy drinks and alternative beverages, including Monster Energy® brand energy drinks.

11.    Upon information and belief, defendant Monster, either directly or through its agents, has transacted business within this district and of which the claims herein arise, has committed tortious acts within this district, and has committed tortious acts without this district causing injury to plaintiffs within this district.

## PLAINTIFFS' COPYRIGHTS

12.    Partnership is the co-owner of the copyright to the sound recording featuring Beastie Boys' performances entitled "So Watcha Want," which has been registered with the United States Copyright Office, Registration No. SR0000197458.

13.    Brooklyn Dust is co-owner of the copyright to the musical composition "So Watcha Want," which has been registered with the United States Copyright Office, Registration No. PA0000640261.

14.    Partnership is the co-owner of the copyright to the sound recording featuring Beastie Boys' performances entitled "Sabotage," which has been registered with the United States Copyright Office, Registration No. SR0000213461.

15.    Brooklyn Dust is co-owner of the copyright to the musical composition "Sabotage," which has been registered with the United States Copyright Office, Registration No. PA0000721110.

16.     Partnership is the co-owner of the copyright to the sound recording featuring Beastie Boys' performances entitled "Looking Down The Barrel of A Gun," which has been registered with the United States Copyright Office, Registration No. SR0000154345.

17.     Brooklyn Dust is co-owner of the copyright to the musical composition "Looking Down The Barrel of A Gun, which has been registered with the United States Copyright Office, Registration No. PA0000618789.

18.     Partnership is the co-owner of the copyright to the sound recording featuring Beastie Boys' performances entitled "Make Some Noise," which has been registered with the United States Copyright Office, Registration No. SR0000676386.

19.     Brooklyn Dust is co-owner of the copyright to the musical composition "Make Some Noise," which has been registered with the United States Copyright Office, Registration No. PA0001767284.

20.     The musical compositions "So Watcha Want," "Sabotage," "Looking Down The Barrel of A Gun," and "Make Some Noise" are collectively referred to herein as the "Beastie Boys Musical Compositions."  The "So Watcha Want," "Sabotage," "Looking Down The Barrel of A Gun," and "Make Some Noise" Sound Recordings are collectively referred to herein as the "Beastie Boys Sound Recordings."

21.     Partnership, or Brooklyn Dust, as set forth below, is the co-owner of the copyrights, set forth in paragraphs 22 through 56 below, in the sound recordings and musical compositions embodied in the MP3, as hereinafter defined, in addition to the Beastie Boys Musical Compositions and the Beastie Boys Sound Recordings.

22.     Brooklyn Dust is the co-owner of the musical composition "Paul Revere," U.S. Copyright Registration No. PA0000344522, which musical composition is embodied in the MP3, as hereinafter defined.

23.     Partnership is the co-owner of the sound recording "Too Many Rappers," U.S. Copyright Registration No. SR0000676382, which sound recording is embodied in the MP3, as hereinafter defined.

24.     Brooklyn Dust is the co-owner of the musical composition "Too Many Rappers," U.S. Copyright Registration No. PA0001767276, which musical composition is embodied in the MP3, as hereinafter defined.

25.     Brooklyn Dust is the co-owner of the musical composition "No Sleep Till Brooklyn," U.S. Copyright Registration No. PA0000344523, which musical composition is embodied in the MP3, as hereinafter defined.

26.     Brooklyn Dust is the co-owner of the musical composition "Hold It Now, Hit It," U.S. Copyright Registration No. PA0000344521, which musical composition is embodied in the MP3, as hereinafter defined.

27.     Brooklyn Dust is the co-owner of the musical composition "Brass Monkey," U.S. Copyright Registration No. PA0000344520, which musical composition is embodied in the MP3, as hereinafter defined.

28.     Partnership is the co-owner of the sound recording "Triple Trouble," U.S. Copyright Registration No. SR0000360352, which sound recording is embodied in the MP3, as hereinafter defined.

29.     Brooklyn Dust is the co-owner of the musical composition "Triple Trouble," U.S. Copyright Registration Nos. PA0001251353 and PA0001268100, which musical composition is embodied in the MP3, as hereinafter defined.

30.     Partnership is the co-owner of the sound recording "Lee Majors Come Again," U.S. Copyright Registration No. SR0000676382, which sound recording is embodied in the MP3, as hereinafter defined.

31.     Brooklyn Dust is the co-owner of the musical composition "Lee Majors Come Again," U.S. Copyright Registration No. PA0001767266, which musical composition is embodied in the MP3, as hereinafter defined.

32.     Partnership is the co-owner of the sound recording "Ch-Check It Out," U.S. Copyright Registration No. SR0000360352, which sound recording is embodied in the MP3, as hereinafter defined.

33.     Brooklyn Dust is the co-owner of the musical composition "Ch-Check It Out," U.S. Copyright Registration No. PA0001268095, which musical composition is embodied in the MP3, as hereinafter defined.

34.     Brooklyn Dust is the co-owner of the musical composition "Slow and Low," U.S. Copyright Registration No. PA0000344519, which musical composition is embodied in the MP3, as hereinafter defined.

35.     Partnership is the co-owner of the sound recording "Pass the Mic," U.S. Copyright Registration No. SR0000197458, which sound recording is embodied in the MP3, as hereinafter defined.

36.     Brooklyn Dust is the co-owner of the musical composition "Pass the Mic," U.S. Copyright Registration No. PA0000640257, which musical composition is embodied in the MP3, as hereinafter defined.

37.     Partnership is the co-owner of the sound recording "Sure Shot," U.S. Copyright Registration No. SR0000213461, which sound recording is embodied in the MP3, as hereinafter defined.

38.     Brooklyn Dust is the co-owner of the musical composition "Sure Shot," U.S. Copyright Registration Nos. PA0000721105 and PA0000994059, which musical composition is embodied in the MP3, as hereinafter defined.

39.     Partnership is the co-owner of the sound recording "Get It Together," U.S. Copyright Registration No. SR0000213461, which sound recording is embodied in the MP3, as hereinafter defined.

40.     Brooklyn Dust is the co-owner of the musical composition "Get It Together," U.S. Copyright Registration Nos. PA0000954772 and PA0000721111 which musical composition is embodied in the MP3, as hereinafter defined.

41.     Partnership is the co-owner of the sound recording "Root Down," U.S. Copyright Registration Nos. SR0000338508 and SR0000280272, which sound recording is embodied in the MP3, as hereinafter defined.

42.     Brooklyn Dust is the co-owner of the musical composition "Root Down," U.S. Copyright Registration No. PA0000721109, which musical composition is embodied in the MP3, as hereinafter defined.

43.     Partnership is the co-owner of the sound recording "Hey, Ladies," U.S. Copyright Registration No. SRu000154345, which sound recording is embodied in the MP3, as hereinafter defined.

44.     Brooklyn Dust is the co-owner of the musical composition "Hey, Ladies," U.S. Copyright Registration No. PA0001108041, which musical composition is embodied in the MP3, as hereinafter defined.

45.     Partnership is the co-owner of the sound recording "Shake Your Rump," U.S. Copyright Registration No. SRu000154345, which sound recording is embodied in the MP3, as hereinafter defined.

46.     Brooklyn Dust is the co-owner of the musical composition "Shake Your Rump," U.S. Copyright Registration No. PA0000618781, which musical composition is embodied in the MP3, as hereinafter defined.

47.     Partnership is the co-owner of the sound recording "Alive," U.S. Copyright Registration No. SR0000276086, which sound recording is embodied in the MP3, as hereinafter defined.

48.     Brooklyn Dust is the co-owner of the musical composition "Alive," U.S. Copyright Registration Nos. PA0001044648 and PA0001116116, which musical composition is embodied in the MP3, as hereinafter defined.

49.     Partnership is the co-owner of the sound recording "Intergalactic," U.S. Copyright Registration No. SR0000277731, which sound recording is embodied in the MP3, as hereinafter defined.

50.     Brooklyn Dust is the co-owner of the musical composition "Intergalactic," U.S. Copyright Registration No. PA0000937705, which musical composition is embodied in the MP3, as hereinafter defined.

51.     Partnership is the co-owner of the sound recording "Don't Play No Game That I Can't Win," U.S. Copyright Registration No. SR0000676382, which sound recording is embodied in the MP3, as hereinafter defined.

52.     Brooklyn Dust is the co-owner of the musical composition "Don't Play No Game That I Can't Win," U.S. Copyright Registration No. PAu003555032, which musical composition is embodied in the MP3, as hereinafter defined.

53.     Partnership is the co-owner of the sound recording "Groove Holmes," U.S. Copyright Registration No. SR0000197458, which sound recording is embodied in the MP3, as hereinafter defined.

54.     Brooklyn Dust is the co-owner of the musical composition "Groove Holmes," U.S. Copyright Registration No. PA0000640267, which musical composition is embodied in the MP3, as hereinafter defined.

55.     Partnership is the co-owner of the sound recording "I Don't Know," U.S. Copyright Registration No. SR0000277731, which sound recording is embodied in the MP3, as hereinafter defined.

56.     Brooklyn Dust is the co-owner of the musical composition "I Don't Know," U.S. Copyright Registration No. PA0000937713, which musical composition is embodied in the MP3, as hereinafter defined.

57.    The musical compositions and sound recordings referred to in paragraphs 22 through 56 above are hereinafter referred to as the "Beastie Boys MP3 Copyrights."

<u>OTHER FACTUAL ALLEGATIONS</u>

58.    Commencing at some time unknown to plaintiffs, defendant Monster, directly or indirectly, without plaintiffs' consent, synchronized and recorded certain of the Beastie Boys Musical Compositions and Beastie Boys Sound Recordings together with visual and other material in the creation of promotional videos for defendant Monster's products, including a promotional video for Monster's promotional event "Ruckus in the Rockies 2012" (the "Video").  The soundtrack of the Video is comprised substantially of excerpts from the Beastie Boys Sound Recordings and the Beastie Boys Musical Compositions totaling more than three minutes in duration.

59.    On information and belief, defendant Monster has used the Video and similar promotional videos to create an association with the Beastie Boys and  the Beastie Boys Musical Compositions and Beastie Boys Sound Recordings and defendant Monster's products, promotional events, and marketing, including on Monster's website www.monsterenergy.com and in various social media websites such as Facebook.

60.    On information and belief, text contained in the Video includes the name "Beastie Boys" and the legal or professional name of Yauch.

61.    On information and belief, on or about May 9, 2012, Monster caused a link to a downloadable audio recording ( the "MP3") embodying a 23-minute medley of excerpts from the Beastie Boys Sound Recordings, the Beastie Boys Musical Compositions and the sound recordings and musical compositions comprising the

additional Beastie Boys MP3 Copyrights to be posted on various websites described below in conjunction with the Video, together with an offer that the MP3 was available for free download.

62.     On information and belief, Monster posted the Video and MP3 on Monster's website www.monsterenergy.com on or about May 9, 2012, where they have served as advertising and promotion for Monster's products, events, and Monster's general corporate goodwill.

63.     On information and belief, on or about May 9, 2012, Monster posted the Video and MP3 on www.youtube.com, where they have served as advertising and promotion for Monster's products, events, and Monster's general corporate goodwill.

64.     On information and belief, Monster arranged or facilitated the posting of the Video and MP3 on third party commercial websites located at www.snowboardmag.com, www.snowboardcanada.com and www.snowand.com, where they have served as advertising and promotion for Monster's products, events, and Monster's general corporate goodwill.

65.     On information and belief, Monster arranged or facilitated the posting of the Video and MP3 on other websites presently unknown to plaintiffs.

66.     On information and belief, each of the postings referred to in paragraphs 60-63 above included the name Beastie Boys in the text of the relevant URL page and the name Adam Yauch in the Video displayed on such page.

67.     The websites referred to in paragraphs 60-63 above are collectively referred to herein as the "Infringing Sites".

68.     The text accompanying Monster's internet postings, Video and MP3 conveyed to consumers the impression that Beastie Boys permitted the use of their name and intellectual property, and participated in connection with Monster's promotion of its products and events.  By way of example, the posting of Monster's Video on www.snowand.com included the following statement:  "With tracks from the Beastie Boys putting you in the vibe and a sponsorship from Monster Energy, this edit will make you want to ride and party like no other.  Beastie Boys mega mix by Z-trip, Download 'All-Access A Beastie Boys Megamix' here: . . ."

## FIRST CLAIM FOR COPYRIGHT INFRINGEMENT AGAINST DEFENDANT MONSTER

69.     Plaintiffs repeat and reallege the allegations continued in paragraphs 1-68 above, as if set forth herein.

70.     Monster's unauthorized reproduction of, preparation of a derivative work based upon, distribution to the public of and public performance of Partnership's copyrighted sound recording "So Whatcha Want" in the Video infringes Partnership's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 101 et. seq.

71.     Each unauthorized reproduction, derivative work, distribution to the public and public performance of Partnership's copyrighted sound recording constitutes an individual act of infringement of Partnership's exclusive rights under the Copyright Act, 17 U.S.C. § 101 et. seq.

72.     Defendant's conduct has been intentional and willful.

<u>SECOND CLAIM FOR COPYRIGHT INFRINGEMENT AGAINST DEFENDANT<br>MONSTER</u>

73.    Plaintiffs repeat and reallege the allegations continued in paragraphs 1-68,

70 through 72 above, as if set forth herein.

74.    Monster's unauthorized reproduction of, preparation of a derivative work

based upon, distribution to the public of and public performance of Brooklyn Dust's

copyrighted musical work "So Whatcha Want" in the Video infringes Brooklyn Dust's

exclusive rights in violation of the Copyright Act, 17 U.S.C. § 101 <u>et. seq.</u>

75.    Each unauthorized reproduction, derivative work, distribution to the public

and public performance of Brooklyn Dust's copyrighted musical work constitutes an

individual act of infringement of Brooklyn Dust's exclusive rights under the Copyright

Act, 17 U.S.C. § 101 <u>et. seq.</u>

76.    Defendant's conduct has been intentional and willful.

<u>THIRD CLAIM FOR COPYRIGHT INFRINGEMENT AGAINST DEFENDANT<br>MONSTER</u>

77.    Plaintiffs repeat and reallege the allegations continued in paragraphs 1-68,

70 through 72, 74 through 76 above, as if set forth herein.

78.    Monster's unauthorized reproduction of, preparation of a derivative work

based upon, distribution to the public of and public performance of Partnership's

copyrighted sound recording "Sabotage" in the Video infringes Partnership's exclusive

rights in violation of the Copyright Act, 17 U.S.C. § 101 <u>et. seq.</u>

79.    Each unauthorized reproduction, derivative work, distribution to the public

and public performance of Partnership's copyrighted sound recording constitutes an

individual act of infringement of Partnership's exclusive rights under the Copyright Act, 17 U.S.C. § 101 et. seq.

80.    Defendant's conduct has been intentional and willful.

## FOURTH CLAIM FOR COPYRIGHT INFRINGEMENT AGAINST DEFENDANT MONSTER

81.    Plaintiffs repeat and reallege the allegations continued in paragraphs 1-68, 70 through 72, 74 through 76, 78 through 80 above, as if set forth herein.

82.    Monster's unauthorized reproduction of, preparation of a derivative work based upon, distribution to the public of and public performance of Brooklyn Dust's copyrighted musical work "Sabotage" in the Video infringes Brooklyn Dust's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 101 et. seq.

83.    Each unauthorized reproduction, derivative work, distribution to the public and public performance of Brooklyn Dust's copyrighted musical work constitutes an individual act of infringement of Brooklyn Dust's exclusive rights under the Copyright Act, 17 U.S.C. § 101 et. seq.

84.    Defendant's conduct has been intentional and willful.

## FIFTH CLAIM FOR COPYRIGHT INFRINGEMENT AGAINST DEFENDANT MONSTER

85.    Plaintiffs repeat and reallege the allegations continued in paragraphs 1-68, 70 through 72, 74 through 76, 78 through 80, 82 through 84 above, as if set forth herein.

86.    Monster's unauthorized reproduction of, preparation of a derivative work based upon, distribution to the public of and public performance of Partnership's copyrighted sound recording "Looking Down The Barrel of A Gun" in the Video

infringes Partnership's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 101 et. seq.

87.     Each unauthorized reproduction, derivative work, distribution to the public and public performance of Partnership's copyrighted sound recording constitutes an individual act of infringement of Partnership's exclusive rights under the Copyright Act, 17 U.S.C. § 101 et. seq.

88.     Defendant's conduct has been intentional and willful.

## SIXTH CLAIM FOR COPYRIGHT INFRINGEMENT AGAINST DEFENDANT MONSTER

89.     Plaintiffs repeat and reallege the allegations continued in paragraphs 1-68, 70 through 72, 74 through 76, 78 through 80, 82 through 84, 86 through 88 above, as if set forth herein.

90.     Monster's unauthorized reproduction of, preparation of a derivative work based upon, distribution to the public of and public performance of Brooklyn Dust's copyrighted musical work "Looking Down The Barrel of A Gun" in the Video infringes Brooklyn Dust's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 101 et. seq.

91.     Each unauthorized reproduction, derivative work, distribution to the public and public performance of Brooklyn Dust's copyrighted musical work constitutes an individual act of infringement of Brooklyn Dust's exclusive rights under the Copyright Act, 17 U.S.C. § 101 et. seq.

92.     Defendant's conduct has been intentional and willful.

## SEVENTH CLAIM FOR COPYRIGHT INFRINGEMENT AGAINST DEFENDANT MONSTER

93.     Plaintiffs repeat and reallege the allegations continued in paragraphs 1-68, 70 through 72, 74 through 76, 78 through 80, 82 through 84, 86 through 88, 90 through 92 above, as if set forth herein.

94.     Monster's unauthorized reproduction of, preparation of a derivative work based upon, distribution to the public of and public performance of Partnership's copyrighted sound recording "Make Some Noise" in the Video infringes Partnership's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 101 et. seq.

95.     Each unauthorized reproduction, derivative work, distribution to the public and public performance of Partnership's copyrighted sound recording constitutes an individual act of infringement of Partnership's exclusive rights under the Copyright Act, 17 U.S.C. § 101 et. seq.

96.     Defendant's conduct has been intentional and willful.

## EIGHTH CLAIM FOR COPYRIGHT INFRINGEMENT AGAINST DEFENDANT MONSTER

97.     Plaintiffs repeat and reallege the allegations continued in paragraphs 1-68, 70 through 72, 74 through 76, 78 through 80, 82 through 84, 86 through 88, 90 through 92, 94 through 96 above, as if set forth herein.

98.     Monster's unauthorized reproduction of, preparation of a derivative work based upon, distribution to the public of and public performance of Brooklyn Dust's copyrighted musical work "Make Some Noise" in the Video infringes Brooklyn Dust's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 101 et. seq.

99.     Each unauthorized reproduction, derivative work, distribution to the public and public performance of Brooklyn Dust's copyrighted musical work constitutes an individual act of infringement of Brooklyn Dust's exclusive rights under the Copyright Act, 17 U.S.C. § 101 et. seq.

100.    Defendant's conduct has been intentional and willful.

## NINTH CLAIM AGAINST DEFENDANT MONSTER FOR MULTIPLE COPYRIGHT INFRINGEMENTS IN CONNECTION WITH THE MP3

101.    Plaintiffs Partnership and Brooklyn Dust repeat and reallege the allegations contained in paragraphs 1 through 68, 70 through 72, 74 through 76, 78 through 80, 82 through 84, 86 through 88, 90 through 92, 94 through 96, 98 through 100 above, as if set forth herein.

102.    On information and belief, the MP3 was distributed to and copied by users of the Infringing Sites.

103.    The distribution of the MP3 to users of the Infringing Sites was without authorization of Beastie Boys or Brooklyn Dust.

104.    The copying of the MP3 by users of the Infringing Sites for marketing and advertising programs by Monster was without authorization of Beastie Boys or Brooklyn Dust.

105.    Through its conduct alleged herein, Monster knowingly and systemically induced, caused, materially contributed to, exercised control over and participated in the infringement of the Beastie Boys Sound Recordings, Beastie Boys Musical Compositions and Beastie Boys MP3 Copyrights.

106.   On information and belief, Monster had the right and ability to control the unauthorized distribution and reproduction of the MP3.

107.   On information and belief, Monster received a direct financial and economic benefit from the MP3 by, among other things, the free advertising and promotion of Monster's products, events and corporate good will.

108.   Defendant Monster's conduct and unauthorized use of the MP3 infringes Brooklyn Dust's and Partnership's exclusive rights in the four Beastie Boys Musical Compositions, the four Beastie Boys Sound Recordings and the additional thirty-five Beastie Boys MP3 Copyrights in violation of the Copyright Act 17 U.S.C. § 101 et. seq.

## TENTH CLAIM AGAINST DEFENDANT MONSTER FOR VIOLATION OF THE LANHAM ACT, 15 U.S.C. §1125

109.   Plaintiffs Partnership, Diamond,  Horovitz and Yauch repeat and reallege the allegations contained in paragraphs 1 through 68, 70 through 72, 74 through 76, 78 through 80, 82 through 84, 86 through 88, 90 through 92, 94 through 96, and 102 through 108 above, as if set forth herein.

110.   Partnership owns or controls the mark "Beastie Boys" and the marks comprised of the legal and professional names of Diamond, Horovitz and Yauch (each, a "Beastie Boys Mark").

111.   Partnership's Beastie Boys Marks are strong and unique, inherently distinctive, famous, and protectable without proof of secondary meaning.

112.   Partnership has invested decades of time and effort to create consumer recognition of the Beastie Boys Marks and to ensure that the public, not only in the United States but throughout the world, associates the Beastie Boys Marks with their

integrity, their distinctive music and performing style as well as products designed and/or created by the Partnership.

113.    As a result of the wide renown acquired by the Beastie Boys Marks, Partnership's worldwide reputation for their integrity, their distinctive music and performing style as well as products designed and/or created by the Partnership, and the wide geographic distribution and extensive sale of various products distributed under the Beastie Boys Marks, the Beastie Boys Marks have acquired secondary meaning, fame and significance in the minds of the purchasing public.  The purchasing public immediately identifies the products offered under the Beastie Boys Marks with a single source.  Therefore, the Beastie Boys Marks, and the goodwill associated therewith, are of inestimable value to the Partnership.

114.    Plaintiffs Partnership, Diamond, Horovitz and Yauch are informed and believe, and based thereon allege, that as a result of defendant Monster's unauthorized use of the Beastie Boys Marks, and plaintiffs Diamond's, Horovitz's and Yauch's identifying voices in connection with the Video, the offer for free downloads of the MP3, and the other content of the Infringing Sites promoting Monster, the public was confused into believing that plaintiffs sponsored, endorsed and are associated with defendant Monster in promoting defendant Monster's products and promotional events.

115.    As a result of defendant Monster's misleading use of the Beastie Boys Marks and identity, plaintiffs Partnership, Diamond, Horovitz and Yauch have suffered damages and will continue to suffer damages in an amount that is presently unknown.

116.   Defendant Monster's unauthorized use of the Beastie Boys Marks, identity and persona has caused and will cause irreparable harm to plaintiffs Partnership, Diamond, Horovitz and Yauch that cannot be fully compensated by money.  Because plaintiffs have no adequate remedy at law, plaintiffs are entitled to preliminary and permanent injunctive relief prohibiting defendant Monster from using the Beastie Boys Marks, identity and persona without a license or authorization.

117.   Plaintiffs Partnership, Diamond,  Horovitz and Yauch are informed and believe, and based thereon allege that defendant Monster did the acts as herein alleged with a willful disregard of the harm to plaintiffs Partnership, Diamond, Horovitz and Yauch and that such acts were therefor done willfully, maliciously, and oppressively. Plaintiffs Partnership, Diamond,  Horovitz and Yauch are, therefore, entitled to a trebling of defendant Monster's profits  and actual damages sustained by plaintiffs, prejudgment interest, reasonable attorneys' fees and costs against defendant Monster, pursuant to 15 U.S.C. § 1117.

## ELEVENTH CLAIM AGAINST DEFENDANT MONSTER FOR VIOLATION OF NEW YORK CIVIL RIGHTS LAW §51

118.   Plaintiffs Diamond and Horovitz repeat and reallege the allegations contained in paragraphs 1 through 68, 70 through 72, 74 through 76, 78 through 80, 82 through 84, 86 through 88, 90 through 92, 94 through 96, 102 through 108, and 110 through 117 above, as if set forth herein.

119.   Plaintiffs Diamond's and Horovitz's voices and style of singing are recognizable and distinctive and have generated a great deal of positive publicity and

public response to sound recordings of their voices, including, but not limited to the Beastie Boys Sound Recordings.

120.   Defendant Monster has used plaintiffs Diamond's and Horovitz's voices within New York for the purposes of advertising and trade without the permission of plaintiffs Partnership, Diamond or Horovitz.

121.   Defendant Monster's actions violated plaintiffs Diamond's and Horovitz's rights under New York Civil Rights Law § 51.

122.   Plaintiffs Diamond and Horovitz are entitled to exemplary and consequential damages.

WHEREFORE, plaintiffs pray for judgment as follows:

(1)   For a preliminary and permanent injunction enjoining Monster and Monster's agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert with them:

(a)   from all further infringing conduct in connection with the Video and MP3;

(b)   from all further infringement of any copyrighted musical work or sound recording owned or controlled in whole or in part by Partnership or Brooklyn Dust; and

(c)   requiring removal of the Video and MP3 from all places where they have been stored and/or made available by or through Monster and destruction of any and all copies of the Video;

(2)     For an award of statutory damages to Partnership and Brooklyn Dust pursuant to the Copyright Act in an amount in each case of not less than $150,000 for the willful infringement of each of the Beastie Boys Musical Compositions, each of the Beastie Boys Sound Recordings, and each of the Beastie Boys MP3 Copyrights or, at Partnership's or Brooklyn Dust's election, actual damages and profits with respect to each of the foregoing copyrights as permitted under the Copyright Act, in an amount to be determined at trial;

(3)     For prejudgment interest according to law;

(4)     For an order awarding plaintiffs their attorneys' fees, together with the costs and disbursements of this action; and

(5)     That defendant Monster and its officers, agents, successors, assigns, and all persons in concert or participation with it, be enjoined during the pendency of this action and permanently from using the names, voices and trademarks of plaintiffs for the purposes of advertising and trade purposes, in any manner;

(6)     That defendant Monster be required to pay to plaintiffs Partnership, Diamond, Horovitz and Yauch damages, trebled pursuant to 15 U.S.C. § 1117(a) , as provided in the Lanham Act for any injuries sustained by reason of defendant Monster's false representations and use of plaintiffs' trademarks;

(7)     Requiring defendant Monster to account for and pay over to plaintiffs  Partnership, Diamond, Horovitz and Yauch three times the profits realized by defendant Monster from defendant Monster's false representations and use of plaintiffs' trademarks;

(8)     That defendant Monster be required to pay plaintiffs Diamond and

Horovitz damages for any injuries sustained by reason of defendant Monster's use of

the voices of Diamond and Horovitz in violation of the New York Civil Rights Law,

including exemplary damages; and

(9)     For such other relief as the Court deems just and proper.

Dated:   New York, New York
         August 8, 2012

                        SHEPPARD, MULLIN, RICHTER
                        & HAMPTON LLP

                        By: _____
                              Theodore C. Max (TM1742)
                            Kenneth B. Anderson (KA9923)

                        Attorneys for Plaintiffs Beastie Boys, a New
                        York Partnership, Michael Diamond, Adam
                        Horovitz, Dechen Yauch as Executor of the
                        Estate of Adam Yauch, deceased, each
                        individually and collectively d/b/a Brooklyn
                        Dust Music
                        30 Rockefeller Plaza
                        New York, New York  10112
                        Telephone:  (212) 653-8700