UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BEASTIE BOYS, A NEW YORK PARTNERSHIP, :
MICHAEL DIAMOND, ADAM HOROVITZ AND : Case No. 12 CV 6065(PAE)
DECHEN YAUCH AS EXECUTOR OF THE ESTATE :
OF ADAM YAUCH, DECEASED, EACH :
INDIVIDUALLY AND COLLECTIVELY D/B/A :
BROOKLYN DUST MUSIC, :
:
                         Plaintiffs, :
:
           -against- :
:
MONSTER BEVERAGE CORPORATION, :
MONSTER ENERGY COMPANY, :
:
                       Defendants. :
------------------------------------------------------------------X
MONSTER ENERGY COMPANY, :
:
                Third-Party Plaintiff, :
:
          -against- :
:
ZACH SCIACCA a/k/a Z-TRIP, :
:
              Third-Party Defendant. :
------------------------------------------------------------------X

## DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF MOTION IN LIMINE

**KANE KESSLER, P.C.**
1350 Avenue of the Americas
New York, NY 10019
(212) 541-6222
*Attorneys for Defendants and
Third-Party Plaintiff Monster Beverage
Corporation, Monster Energy Company*

#378510.1

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

APPLICABLE STANDARD ..................................................................................................... 2

ARGUMENT

I. EVIDENCE OF ANY USER-GENERATED
   CONTENT SHOULD BE PRECLUDED ................................................................... 3

   A. The User-Generated Videos are Irrelevant to Any Claim in this Case ............. 4

   B. Any Probative Value the User-Generated Videos May Have is Outweighed
      by the Undeu Prejudice to Defendants Resulting from their Admission ......... 5

      1. The User Generated Videos Have No Probative Value ........................ 5

      2. The User-Generated Videos are Unduly Prejudicial ............................. 7

   C. The User-Generated Videos Constitute Improper Character Evidence ........... 8

II. EVIDENCE RELATING TO THE WHEELSFEST
    VIDEO SHOULD BE PRECLUDED ....................................................................... 11

CONCLUSION ........................................................................................................................ 12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Capitol Records v. Mp3tunes, LLC*,
   2014 U.S. Dist. LEXIS 11218 (S.D.N.Y. 2014).................................................................7

*Capitol Records v. Mp3tunes, LLC*,
   2014 U.S. Dist. LEXIS 11219 (S.D.N.Y. 2014)..............................................................2, 7

*Eastman Kodak Co. v. Sun Microsystems, Inc.*,
   2004 U.S. Dist. LEXIS 18244 (W.D.N.Y. 2004)................................................................5

*Lipton v. Nature Co.*,
   71 F. 3d 464 (2d Cir. 1995).................................................................................................8

*Loussier v. Universal Music Group, Inc.*,
   2005 U.S. Dist. LEXIS 45431 (S.D.N.Y. 2005).........................................................passim

*Marshall v. Marshall*,
   2012 U.S. Dist. LEXIS 45700 (E.D.N.Y. Mar. 30, 2012) ..................................................6

*N.A.S. Import, Corp. v. Chenson Enterprises, Inc.*,
   968 F.2d 250 (2d Cir. 1992)................................................................................................6

*Palmieri v. Defaria*,
   88 F.3d 136 (2d Cir. 1996)..................................................................................................2

*Reyes v. Missouri Pacific Railroad Company*,
   589 F. 2d 791 (5th Cir. 1979)..............................................................................................9

*Shatkin v. McDonell Douglas Corp.*,
   727 F.2d 202 (2d Cir. 1984)................................................................................................2

*Synder v. Wells Fargo Bank, N.A.*,
   2012 WL 4876938 (S.D.N.Y. 2012)...................................................................................4

*United States v. Corr*,
   543 F. 2d 1042 (2d Cir. 1976).............................................................................................2

*United States v. Newman*,
   982 F. 2d 665 (1st Cir. 1992).........................................................................................9, 10

*United States v. Pascarella*,
   84 F. 3d 61 (2d Cir. 1996)...................................................................................................8

*Viacom Int'l, Inc. v. YouTube, Inc.*,
  676 F. 3d 19 (2d Cir. 2012) ...................................................................................... 6

**STATUTES**

7 U.S.C.S Sec. 512 . ...................................................................................................... 6

Fed. R. Evid. 402 ............................................................................................... 3, 4, 8

Fed. R. Evid. 403 ............................................................................................... 3, 7, 8

Fed. R. Evid. 404 ...................................................................................................... 3

Fed. R. Evid. 404(b) ................................................................................................. 8

## PRELIMINARY STATEMENT

Defendants Monster Beverage Corporation and Monster Energy Company (collectively, "Monster"), move this Court *in limine* to exclude two catagories of evidence which plaintiffs Beastie Boys, Michael Diamond, Adam Horovitz and Dechen Yauch, as executor of the estate of Adam Yauch, (collectively, "Plaintiffs") intend to offer and which are clearly inadmissible and should be precluded for the reasons set forth below.[1] First, Plaintiffs intend to offer videos that were created and produced by third parties unrelated to Monster that allegedly contain Beastie Boys' music. Those third-party videos were embedded by the third parties on their "individual profile" pages of a website affiliated with Monster. These "user-generated" videos do not form the basis for any claim in this case, they were not made by Monster, the music contained therein was chosen by the third-parties, not Monster, and these videos are only six among thousands of videos that are posted or embedded by third-parties. Plaintiffs also seek to introduce a video of an auto-racing event called "WheelsFest" that was sponsored by Monster, among others. Plaintiffs intend to proffer the WheelsFest video because it purportedly contains the Beastie Boys' song *"Sabotage."* However, like the user-generated videos, the WheelsFest video was not created, produced or edited by Monster; Monster does not know who made the WheelsFest video, or who chose the music for it; the WheelsFest video does not form the basis of any claim in this case, nor is it mentioned anywhere in the Complaint; and Monster has knowledge of the WheelsFest video being available on any of its websites.

Under these circumstances, both referenced categories of evidence should be precluded as irrelevant, unfairly prejudicial, and without foundation.

---

[1] This motion *in limine* is without prejudice and is not intended to waive any objections to the admissibility of the evidence which is the subject of this motion, or any other evidence plaintiffs may offer at trial.
#378510.1

## APPLICABLE STANDARD

The purpose of an *in limine* motion is "to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria,* 88 F.3d 136, 141 (2d Cir. 1996), *quoting, Luce v. United States,* 469 U.S. 38, 41, n.4, 105 S. Ct. 460, 83, L. Ed. 2d 443 (1984) (noting that "although the Federal Rules of Evidence to do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials"). The Court may rely on the Federal Rules of Evidence and its own broad discretion in determining whether or not to exclude certain evidence at trial. *See, e.g., United States v. Corr,* 543 F. 2d 1042, 1051 (2d Cir. 1976) ("questions relating to the admissibility of evidence, relevancy of proffered evidence and the scope of cross-examination are all questions to be determined subject to the rules of evidence and in doubtful cases subject to the discretion of the trial court"); *Shatkin v. McDonell Douglas Corp.,* 727 F.2d 202, 207 (2d Cir. 1984) ("trial judge is vested with wide discretion in determining whether an adequate foundation has been laid for admission of the evidence and whether its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issue, or misleading the jury"). Evidence should be excluded on a motion *in limine* when "it is clearly inadmissible on all potential grounds." *Capitol Records v. Mp3tunes, LLC,* 2014 U.S. Dist. LEXIS 11219 at *8 (S.D.N.Y. 2014), *quoting, United States v. Paredes,* 176 F. Supp. 2d 179, 181 (S.D.N.Y. 2001).

Applying the above standard, any proposed evidence concerning videos containing user-generated content and the WheelsFest Video should be excluded.

## ARGUMENT

I.  **EVIDENCE OF ANY USER-GENERATED CONTENT SHOULD BE PRECLUDED**

Plaintiffs seek to introduce evidence of "user-generated" content located on a website operated by "Monster Army."[2] Such evidence consists of screen shots of the website monsterarmy.com and copies of videos posted by third parties unrelated to Monster on that website (the "User-Generated Videos"). By way of background, Monster Army operates a website to provide a platform where consumers, or potential consumers, of Monster products can create a personal profile and post content related to shared interests. Frequently, such content consists of videos depicting the third-party posters skateboarding, snowboarding, or engaging in other sporting activities that Monster often sponsors. Monster (or Monster Army) has no involvement whatsoever with the creation or production of these videos, the content of the videos, editing these videos, or in deciding what music, if any, is placed on the videos. These videos are created, produced, edited and posted only by third parties. Plaintiffs seek to introduce the six User-Generated Videos because they allegedly contain Beastie Boys music.[3]

The User-Generated Videos, and any evidence related thereto, should be precluded because: (1) they are irrelevant to the issues in this case under Fed. R. Evid. 402; (2) any possible probative value they may have is substantially outweighed by their prejudicial impact and likelihood to confuse the jury under Fed. R. Evid. 403; and (3) they constitute improper character evidence under Fed. R. Evid. 404.

---

[2] According to the monsterarmy.com website, Monster Army is Monster's athlete development program that focuses on supporting up and coming athletes ages 13-21 in moto, bike, snow, skate, surf and wake related sports.

[3] Monster was not aware that the User-Generated Videos existed, or that they may have contained Beastie Boys' music until they undertook a review of all videos posted by third parties on Monster Army's website in connection with its discovery obligations this litigation. Of the thousands of third-party videos reviewed by Monster, six were found which allegedly contain Beastie Boys' music.

3

### A. The User-Generated Videos are Irrelevant to Any Claim in this Case

Fed. R. Evid. 402 provides that evidence must be relevant to be admissible. This rule has been interpreted to mean that proffered evidence "must make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Synder v. Wells Fargo Bank, N.A.*, 2012 WL 4876938 at *2 (S.D.N.Y. 2012), *citing,* Fed. R. Evid. 401. Here, Plaintiffs have not asserted any claim in this action based on the User-Generated Videos. The only claims at issue are those which involve the Ruckus in the Rockies Video and the four musical compositions contained therein. Accordingly, the User-Generated Videos are irrelevant to any claim in this case and do not make the existence of any fact relating to whether or not Monster infringed Plaintiffs' copyright or trademark rights by including their compositions in the Ruckus in the Rockies Video more probable or less probable than it would be without the evidence.

Under these circumstances, the case law is well established that evidence of "other potential copyright infringement" is irrelevant and should be precluded. For example, in *Loussier v. Universal Music Group, Inc.*, 2005 U.S. Dist. LEXIS 45431 (S.D.N.Y. 2005), plaintiff sued defendant for copyright infringement, alleging that defendant included a portion of plaintiff's song in his song. At trial, plaintiff proffered evidence concerning prior copyright infringement claims against defendant, including lawsuits, claims letters and settlement agreements. Upon defendant's motion *in limine*, the Court held that such evidence "is not relevant to the issue of [defendant's] liability for copyright infringement because a defendant's motive, intent or knowledge are not elements of proof of defendant's liability in a copyright action....[w]hether defendant had …an intent or plan to infringe are not relevant to the cause of

4

action and whether defendant acted by mistake or accident is not an issue." *Id.* at *3-4. *See also, Eastman Kodak Co. v. Sun Microsystems, Inc.*, 2004 U.S. Dist. LEXIS 18244 at *12 (W.D.N.Y. 2004) (whether or not defendant conducted any investigation to determine whether their patent infringed on other intellectual property not at issue in the lawsuit was irrelevant, and evidence of such failure to investigate was precluded).

      **B.**    **Any Probative Value the User-Generated Videos May have is Outweighed by the Undue Prejudice to Defendants Resulting from their Admission**

          *1.*    *The User Generated Videos Have No Probative Value*

While Plaintiffs likely concede that the User-Generated Videos are not relevant with respect to Monster's liability for the Ruckus in the Rockies Video based on Point I(A) above, they may argue that the videos are probative as to to whether Monster acted willfully in connection with any award of damages. However, willfulness is irrelevant to Plaintiffs' claim for actual damages. Actual damages are determined based on what a "willing seller" and a "willing buyer," would negotiate for a license fee, given the scope and use of the copyrights made by the defendant. Willfulness, intent and motive are not part of that analysis. *See, e.g., Loussier v. Universal Music Group, Inc., supra,* 2005 U.S. Dist. LEXIS 45431 at *5 (S.D.N.Y. 2005) ("a defendant's motive, intent or knowledge are not elements of proof of defendant's liability in copyright actions..."). Therefore, the only circumstance in which willfulness may be considered is if Plaintiffs elect statutory damages, rather than actual damages. To date, Plaintiffs have declined to indicate which damages option they will pursue and, thus, the relevance of willfulness has not been established.

In any event, the User-Generated Videos have virtually no probative value with regard to willfulness, and any probative value is far outweighed by the undue prejudice that would befall

5

Monster upon their admission. Factors used to establish willfulness include: "whether the infringer was on notice that the copyrighted work was protected; whether the infringer had received warnings of the infringements; [and] whether the infringer had experience with previous copyright ownership, prior lawsuits regarding similar practices, or work in an industry where copyright is prevalent." *Marshall v. Marshall, 2012 U.S. Dist. LEXIS 45700, at *91 (E.D.N.Y. Mar. 30, 2012)* (citations omitted). "Infringement is generally not willful if a party reasonably and in good faith believes that its conduct is innocent, despite warnings to the contrary." N.A.S. Import, Corp. v. Chenson Enterprises, Inc., 968 F.2d 250, 252 (2d Cir. 1992).

Here, Monster did not create, produce, edit or have any knowledge or input concerning the music placed on the User-Generated Videos and has no connection with the third-parties who did. Therefore, any use of Beastie Boys' music on the User-Generated Videos does not—and cannot—constitute willfulness on the part of Monster. Furthermore, Monster, as a mere provider of online services under the Digital Millennium Copyright Act, ("DMCA"), had no affirmative duty to monitor user content posted on the monsterarmy.com website and was not aware of such videos until Plaintiffs' discovery requests in this case.[4] Indeed, even if Monster had known of the User-Generated Videos, "awareness [of a service provider] of significant quantities of infringing content [is] insufficient, standing alone," to establish willfulness. *Viacom Int'l v. YouTube, Inc.*, 676 F. 3d. 19, 33 (2d Cir. 2013). There is also no evidence that Monster or

---

[4] The DMCA provides safe harbor protection for vicarious or contributory infringement for certain internet service providers if certain criteria are met. To qualify for protection under the DMCA, a party must be a service provider, defined, in part, as a provider of online services or network access, or the operator of facilities therefor; a party must also adopt and implement a reasonable "repeat infringer policy" that provides for the termination in appropriate circumstances of subscribers and account holders of the service provider's system or network; and a party must accommodate standard technical measures that are used by copyright owners to identify or protect copyrighted works. *See,* 7 U.S.C.S Sec. 512 *et seq.*; *Viacom Int'l., Inc. v. YouTube, Inc.*, 676 F. 3d 19 (2d Cir. 2012). While Plaintiffs have not asserted a claim for contributory or vicarious infringement based on the User-Generated Videos, if they had, Monster believes it has met all the criteria to qualify for safe harbor production under the DMCA.

Monster Army received any "take down" notices, letters, or any other indicia indicating that Monster knew or should have known that the User-Generated Videos contained infringing material. Accordingly, the mere existence of the User-Generated Videos on monsterarmy.com, without more, is not probative of Monster's wilfullness in connection with its use of the Beastie Boys' songs on the Ruckus in the Rockies Video and should be excluded.[5]

### 2. *The User-Generated Videos are Unduly Prejudicial*

Any probative value that the User-Generated Videos may have is substantially outweighed by the danger of unfair prejudice and juror confusion that would result from their admission. Fed. R. Evid. 403 provides that, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Here, admission of the User-Generated Videos would unfairly prejudice Monster, because the jury could base its decision on emotion and on evidence that is not probative of the issues and claims in the case. Similarly, this evidence has a substantial likelihood to confuse and mislead a jury already grappling with application of a difficult legal standard. The likelihood that the jury will base its decision on emotion, or on a misapprehension that Monster infringed on other copyrights, or is directly responsible for additional infringing

---

[5] Monster is aware of the recent holding in *Capitol Records v. Mp3tunes, LLC*, 2014 U.S. Dist. LEXIS 11218 (S.D.N.Y. 2014) permitting evidence of potential infringement of other copyrights as relevant to wilfullness. However, *Capitol Records* is distinguishable from this case. In *Capital Records,* the plaintiff copyright owner sued Mp3Tunes for contributory copyright infringement for posting plaintiff's song in its music-file sharing platform. Mp3Tunes asserted that it was protected from liability under the DMCA. Plaintiff countered that the DMCA did not apply because of Mp3Tunes' "willful blindess" to infringement and substantial redflag evidence. Unlike Monster, Mp3tunes was in the business of providing a platform specifically for the sharing and downloading of music files containing copyrighted music, had received multiple "take down notices" which were ignored, and was in possession of communications that indicated possible or likely infringement. Here, Monster is an energy drink manufacturer and permits consumers to post personal profiles on some of their websites, which includes mostly personal messages and sporting videos. Unlike Mp3Tunes, there was no reason for Monster to affirmatively troll its website for possible copyright infringing material, as that was not the purpose of such websites.

activity of third-parties, is simply too high. Furthermore, even the strongest limiting instruction would not protect Monster against the undue prejudice arising from the jury hearing evidence regarding "general" instances of infringement that are connected to Monster only by virtue of it being a mere service provider with no affirmative duty to monitor user-generated content. Accordingly, the User-Generated Videos are unfairly and unduly prejudicial as compared to their limited probative value, if any, and should be excluded.

### C. The User-Generated Videos Constitute Improper Character Evidence

Fed. R. Evid. 404(b) prohibits the admission of evidence of other actions to prove the character of a party in order to show action in conformity therewith, although such evidence is permitted for proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake. Despite these exceptions, the Second Circuit has held that "character evidence" should not be permitted where it is overly prejudicial under Fed. R. Evid. 403 or it is not relevant under Fed. R. Evid. 402. *See, United States v. Pascarella*, 84 F. 3d 61, 69 (2d Cir. 1996). Courts have routinely held that "character evidence" is not permitted to prove liability in copyright infringement actions "because a defendant's motive, intent or knowledge are not elements of proof of defendant's liability in copyright actions. To prove a claim of copyright infringement, plaintiff must show only that (1) plaintiff has a valid copyright; and (2) defendant copied the original elements of plaintiff's work." *Loussier v. Universal Music Group, Inc., supra*, 2005 U.S. Dist. LEXIS 45431 at *5 (S.D.N.Y. 2005). "Whether defendant had knowledge of the copyright laws or had an intent or plan to infringe are not relevant to the cause of action and whether defendant acted by mistake or accident is not at issue...." *Nimmer Sec. 13.08* p. 284; *Lipton v. Nature Co.*, 71 F. 3d 464, 471 (2d Cir. 1995).

Moreover, the User-Generated Videos cannot be used to show that Monster has a "habit" or propensity of infringing copyrights of others. While "[c]ourts have found habit evidence to be superior to character evidence because the 'uniformity of one's response to habit is far greater than the consistency with which one's conduct confirms to character or disposition,'" *Reyes v. Missouri Pacific Railroad Company*, 589 F. 2d 791, 794 (5th Cir. 1979), "[d]ifficulty arises in drawing the line between inadmissible character evidence and admissible habit evidence." *Id.* "For this reason, courts have been cautious in allowing evidence that attempts to prove a pattern of conduct as habit, because of the risk that such evidence will be used to establish a party's propensity to act in conformity with his general character, which is specifically prohibited." *Loussier v. Universal Music Group, Inc.*, supra, at *6, *quoting*, *Zubulake v. UBS Warburg, LLC*, 382 F. Supp. 2d 536 (S.D.N.Y. 2005). In assessing whether the incidents proposed to be admitted are sufficiently numerous and regular to support a finding that a party's behavior has matured into habit, "courts look to the adequacy of sampling and the uniformity of response." *Loussier v. Universal Music Group, Inc.,supra*, 2005 U.S. Dist. LEXIS 45431 at *9. "...[T]he regularity of a party's conduct is tested by the 'ratio of reaction to situations,' which requires' some comparison of the number of instances in which any such conduct occurs with the number in which no such conduct took place," *quoting*, *Wilson v. Volkswagen of America, Inc.*, 561 F. 2d 494, 512 (4th Cir. 1977). *See also*, *United States v. Newman*, 982 F. 2d 665, 668 (1st Cir. 1992).

As indicated above, in *Loussier*, the defendant moved to exclude evidence of prior copyright infringements. This evidence consisted of eight complaints in unrelated actions

9

alleging copyright infringement.[6] Plaintiff also proposed to introduce ten claim letters and related settlement agreements covering a period of 1997though 2003. The court found that "the number of incidences of copyright infringement allegedly evidenced by these complaints and claim letters, when compared with the number of [defendant's] compositions as a whole, is insufficient to demonstrate that [defendant] engages in a regular and uniform practice of infringing copyright in a manner that constitutes the kind of systematic or semi-automatic conduct necessary to permit the inference of habit." *Loussier v. Universal Music Group, Inc.*, *supra*, 2005 U.S. Dist. LEXIS 45431 at *10. Thus, the court concluded that plaintiff's proffered evidence "is not relevant on the issue of [d]efendant's liability for copyright infringement and is inadmissible as evidence of habit." *Id.* at *13.

Here, of the thousands of videos appearing on all Monster or Monster-affiliated websites that were created and posted by third-parties, only six arguably contain Beastie Boys' music. None of the videos were created by Monster. There is no evidence of any claim letters involving copyright infringement, nor is there any evidence of any lawsuit against Monster for copyright infringement. Based on the holding of *Loussier* and the cases cited therein, such evidence falls far short of constituting the kind of systematic or semi-automatic conduct necessary to infer a "habit" of copyright infringement. That being the case, the risk unfair prejudice to be suffered by Monster if such evidence were admitted is even more substantial.

---

[6] Of these eight complaints, "one was dismissed for failure to prosecute. In another, summary judgment was granted for defendants. [One] is a complaint alleging use of one of plaintiff's photographs in a music video and [another] is the settlement agreement relating to that complaint." *Id.* at p. *10.

## II. EVIDENCE RELATING TO THE WHEELSFEST VIDEO SHOULD BE PRECLUDED

Any reference to the "WheelsFest" video should be summarily rejected as irrelevant and completely without foundation. Plaintiffs have described the "WheelsFest" video, as "a commercial apparently meant to promote an automobile-racing event in Switzerland" and which utilizes the Beastie Boys' song, "*Sabotage*" (*See*, Thomas Report at p. 19). Although Monster does not dispute that it was a sponsor of the WheelsFest event in Switzerland, along with many other corporate sponsors, there no evidence whatsoever that Monster created, produced, edited, or selected the music for the WheelsFest video. No one at Monster knows where the WheelsFest video came from, who produced it, who edited it, who selected the music for it or where it was posted. It could have been made, and likely was made, by any of the other sponsors at the WheelsFest event. (*See, Leroy Nichols Dep., taken on May 31, 2013 at pp. 123-129; Leroy Nichols Dep., taken on June 6, 2013 at pp. 43-46).*[7] Plaintiffs do not assert any claim based on the WheelsFest video, nor does the Complaint mention it in any manner.

For all the reasons set forth above, the WheelsFest video should be precluded. More than that, however, because Plaintiffs have implied that Monster has directly infringed on their copyrights by virtue of the WheelsFest video (as opposed to the User-Generated Videos), given the utter lack of any foundation connecting the WheelsFest video to Monster, such video is even less relevant and more prejudicial than the User-Generated Videos.

---

[7] A copy of the relevant portions of Leroy Nichols' deposition transcripts are annexed as Exhibits "A" and "B" to the accompanying Declaration of Dana M. Susman, dated February 13, 2014 and submitted herewith.

11

## CONCLUSION

For all foregoing reasons and principles of law, the Court should exclude any evidence, reference or argument relating to any of the User-Generated Videos or other user-generated content and of the WheelsFest Video.

Dated:     New York, NewYork
            February 13, 2014

**KANE KESSLER, P.C.**

By: _/s/ Dana_
    Dana M. Susman, Esq.
    Adam M. Cohen, Esq.
    Tanya C. Pohl, Esq.
1350 Avenue of the Americas
New York, NY 10019
(212) 541-6222
(212) 245-3009 (fax)

*Attorneys for Defendants and Third-Party Plaintiff Monster Beverage Corporation, Monster Energy Company*