# EXHIBIT A

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Settlement Agreement"), effective on the date when signed by the last Party (the "Effective Date"), is made by and between Beastie Boys (a New York Partnership), and Michael Diamond, Adam Horovitz, and Dechen Yauch (as Executor of the estate of Adam Yauch, deceased) d/b/a Brooklyn Dust Music (each individually and collectively identified as "Beastie Boys" herein), on the one hand, and GoldieBlox, Inc. ("GoldieBlox"), a Delaware corporation, on the other hand.

## RECITALS

WHEREAS there is now pending before the United States District Court for the Central District of California a civil action entitled *GoldieBlox, Inc. v. Island Def Jam Music Group, a Division of UMG Recordings, Inc.; Brooklyn Dust Music; the Beastie Boys; Sony/ATV Music Publishing Group LLC; Universal Music Publishing, Inc.; Rick Rubin; and Adam Horovitz*, Case No. 4:13-CV-05428-DMR (the "Action") in which GoldieBlox seeks declaratory judgments for non-infringement of copyright and fair use in connection with a video advertisement using the song "Girls"; and

WHEREAS, in counterclaims in the Action, Beastie Boys have alleged that GoldieBlox has infringed the copyright to the music composition "Girls," co-owned by Brooklyn Dust Music and which has been registered in the United States Copyright Office, Registration No. PA0000344518 (the "Copyrighted Work"); and

WHEREAS GoldieBlox used the Copyrighted Work in a single video advertisement (the "Advertisement") from on or about November 18, 2013 through on or about November 28, 2013 (the "Use Period"); and

WHEREAS, during the Use Period, GoldieBlox posted the Advertisement on the GoldieBlox website and Youtube.com, as well as to its accounts on social media websites (collectively identified as "Internet Use"); and

WHEREAS GoldieBlox has discontinued the use of the Copyrighted Work; and

WHEREAS GoldieBlox desires to secure a fully paid-up, non-exclusive license to the limited Internet Use of the Copyrighted Work during the Use Period; and

WHEREAS Beastie Boys desire to grant a limited license to the use of the Copyrighted Work pursuant to the terms of this Settlement Agreement; and

WHEREAS GoldieBlox denies any wrongdoing or liability to Beastie Boys in the Action; and

WHEREAS the Parties desire, on the terms and conditions set forth herein, to settle the aforesaid controversy without any admissions as to the merits.

NOW, THEREFORE, in consideration of the mutual covenants and other consideration herein set forth, the Parties agree as follows:

1. For the consideration set forth herein, Beastie Boys hereby grant GoldieBlox a limited, non-exclusive license to use the Copyrighted Work in connection with the Advertisement for Internet Use during the Use Period.

2. GoldieBlox shall make annual payments, pursuant to the schedule set forth in this section, totaling One Million Dollars ($1,000,000) (the "Settlement License Payment"). The payments will be made as follows:

    (a) The Settlement License Payment shall be made by GoldieBlox directly to a tax-exempt, IRS Code § 501(c)(3) charitable organization (or, in equal portions, organizations) chosen by Beastie Boys that support science, technology, engineering,

and/or mathematics education for girls. Beastie Boys shall have the right to change the charitable organization (or organizations) at any time at their discretion (subject to the approval of GoldieBlox as set forth in the following subsection);

(b) GoldieBlox shall have the right to approve the charitable organization (or organizations) receiving the Settlement License Payment, though such approval shall not be unreasonably withheld; the following charities are hereby approved by GoldieBlox: Girls Who Code, The Online School for Girls, Inner City Struggle, Everybody Wins NY, Girls for a Change, Techbridge, Girls Inc, Girl Scouts, Lean In, Expand Your Horizon, Million Women Mentors (program with StemConnector), Girls on the Run, and EdLab Group;

(c) GoldieBlox shall make annual payments comprising a portion of the Settlement License Payment on the following schedule: (1) on or before 30 days from the Effective Date, GoldieBlox shall pay one percent (1%) of GoldieBlox's gross revenue from the fourth quarter of 2013; and (b) in January of each year beginning in 2015, GoldieBlox shall pay one percent (1%) of its annual gross revenue from the prior year until the total payments equal $1,000,000.

3. GoldieBlox's obligation to pay the Settlement License Payment shall continue notwithstanding any changes in management or ownership and shall be binding on successors and/or assigns. GoldieBlox warrants and agrees that it will not enter into any agreement or transaction that will result in the dissolution of GoldieBlox, Inc. or the sale of a majority of its assets, or any sale or assignment that affects this agreement, unless and until the successor entity and/or purchaser contractually assumes the obligations to pay the Settlement License Payment as

set forth herein. A breach of this warranty shall constitute irreparable harm warranting injunctive relief.

4. Within three (3) days of the Effective Date, GoldieBlox shall issue the following public apology to the Beastie Boys (the "Apology"):

> "We sincerely apologize for any negative impact our actions may have had on the Beastie Boys. We never intended to cast the band in a negative light and we regret putting them in a position to defend themselves when they had done nothing wrong.
>
> As engineers and builders of intellectual property, we understand an artist's desire to have his or her work treated with respect. We should have reached out to the band before using their music in the video.
>
> We know this is only one of the many mistakes we're bound to make as we grow our business. The great thing about mistakes is how much you can learn from them. As trying as this experience was, we have learned a valuable lesson. From now on, we will secure the proper rights and permissions in advance of any promotions, and we advise any other young company to do the same."

The Apology shall be posted on the home page of www.goldieblox.com, which is the consumer-facing website of GoldieBlox, for a period of not less than 60 days.

5. At any time after the Effective Date, the Parties shall be permitted to make a statement to the press concerning the settlement of the Action as follows: "The lawsuit between the Beastie Boys and GoldieBlox concerning GoldieBlox's use of the Beastie Boys song "Girls" has been settled. That settlement includes (a) the issuance of an apology by GoldieBlox, which will be posted on GoldieBlox's website, and (b) a payment by GoldieBlox, based on a percentage of its revenues, to one or more charities selected by Beastie Boys that support science, technology, engineering and mathematics education for girls." The Parties shall make no other statement to the press about this Settlement Agreement or its terms.

6. Other than as set forth in Paragraphs 4 and 5 above, the Parties shall not publicize the Action, the settlement of the Action, or the terms of this Settlement Agreement. The Parties shall keep this Settlement Agreement and its terms confidential, except that either Party may, without notice: (a) disclose this Settlement Agreement and/or its terms to its own attorneys, managers, business managers, co-owners, accountants, employees, and other agents to the extent that this Settlement Agreement and its terms are relevant to the scope of such recipients' employment or duties; (b) disclose the terms of this Settlement Agreement in the ordinary course of business in connection with licensing agreements and/or the negotiation of same; (c) disclose, produce, provide testimony about, introduce into evidence and/or otherwise use this Settlement Agreement and/or its terms to the extent that this Settlement Agreement and its terms are relevant in any litigation involving such Party; and (d) disclose, produce and/or provide testimony or information about this Settlement Agreement and/or its terms pursuant to a subpoena, document request or other formal process or governmental request.

7. Beastie Boys, and each of them, on behalf of themselves and on behalf of each of their respective directors, officers, shareholders, partners, managers, members, employees, affiliates, subsidiaries, parent entities, divisions, sister entities, predecessors, successors, assigns, principals, agents, heirs, executors, administrators, and representatives, whether past or present (collectively the "Beastie Boys Releasors"), do each hereby unconditionally, irrevocably, and absolutely release and discharge GoldieBlox, and its respective current and former directors, officers, shareholders, partners, managers, members, employees, affiliates, subsidiaries, parent entities, divisions, sister entities, vendors, customers, manufacturers, licensees, predecessors, successors, assigns, attorneys, principals, agents, heirs, executors, administrators, representatives, and insurers, whether past or present, (collectively, the "GoldieBlox Releasees"),

and each of them, of and from, and forever withdraws, retracts and waives, any and all manner of claims and causes of action, in law or in equity, that the Beastie Boys Releasors had or have against the GoldieBlox Releasees with regard to, asserted in, could have been asserted in, and/or arising out of the Action.

8. GoldieBlox, on behalf of itself and on behalf of its directors, officers, shareholders, partners, managers, members, employees, affiliates, subsidiaries, parent entities, divisions, sister entities, predecessors, successors, assigns, principals, agents, heirs, executors, administrators, and representatives, whether past or present (collectively, the "GoldieBlox Releasors"), hereby unconditionally, irrevocably, and absolutely release and discharge Beastie Boys, and each of them, and their respective current and former directors, officers, shareholders, partners, managers, members, employees, affiliates, subsidiaries, parent entities, divisions, sister entities, vendors, customers, manufacturers, licensees, predecessors, successors, assigns, attorneys, principals, agents, heirs, executors, administrators, representatives, and insurers, whether past or present (collectively the "Beastie Boys Releasees"), and each of them, of and from, and forever withdraws, retracts and waives, any and all manner of claims and causes of action, in law or in equity, that the GoldieBlox Releasors had or have against the Beastie Boys Releasees with regard to, asserted in, could have been asserted in, and/or arising out of the Action.

9. Nothing in the foregoing releases shall limit the right of any Party to enforce the terms of this Agreement.

10. The Parties acknowledge the risk that subsequent to the execution of this Agreement, either may discover facts or may incur, suffer or discover losses, damage or injuries which are unknown and unanticipated at the time this Agreement is signed, which if known on

the date of this Agreement, may have materially affected either of their decisions to give the releases contained in this Agreement. Despite this knowledge and understanding, the Parties hereby assume the risk of such unknown and unanticipated facts and claims, and hereby waive any alleged right to set aside or rescind this Agreement and any and all rights under California Civil Code § 1542 (and similar statutes in other jurisdictions), to the extent applicable to a special release as set forth above, which section has been duly explained to and is understood by the Parties, and which reads as follows:

> **"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."**

11. Upon execution of this Settlement Agreement, the parties will execute and cause to be filed a Stipulated Motion for Dismissal With Prejudice, dismissing the Action, with each party to bear its own costs and attorneys' fees.

12. All written notices provided for in this Settlement Agreement shall be given by email and overnight mail to each Party at the address stated below and shall be deemed received by the recipient two (2) business days after they are given.

Notices to Beastie Boys shall be addressed as follows:

> Kenneth Anderson, Esq.
> Sheppard Mullin Richter & Hampton LLP
> 30 Rockefeller Plaza
> New York, NY 10112
> Email: kanderson@sheppardmullin.com

Notices to GoldieBlox shall be addressed as follows:

> Daralyn Durie, Esq.
> Durie Tangri LLP
> 217 Leidesdorff Street
> San Francisco, CA 94111
> Email: ddurie@durietangri.com

Any Party may change its address and email address to receive notice under this Settlement Agreement by providing notice of same to the other Party in the manner prescribed by this paragraph.

13. This Settlement Agreement, including the exhibits annexed hereto, contains the entire agreement between and among the Parties with respect to the subject matter hereof, and may not be modified, waived, changed, discharged or terminated, except by an agreement in writing signed by all the Parties. No failure or delay by any Party in exercising any right, power or remedy under this Settlement Agreement shall operate, or be construed, as a waiver of the right, power or default of this Settlement Agreement or shall be construed as a waiver of any other term, condition or default.

14. This Settlement Agreement shall be binding upon the Parties and their respective successors, assigns, parents, subsidiaries and affiliates.

15. Each Party agrees that it will take such action and execute such further documents as may be reasonably necessary or appropriate to fulfill the purposes expressed in this Agreement and to perform the terms and conditions of it.

16. This Settlement Agreement is to be deemed to have been drafted jointly by the Parties. Any uncertainty or ambiguity shall not be construed for or against either Party based on attribution of drafting to either Party.

17. This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of New York, without regard to choice-of-law principles. The parties hereby agree and consent that any and all disputes arising out of or relating to this Settlement Agreement shall exclusively be brought in the state or federal courts of the State of New York, and all parties hereto consent to jurisdiction and venue in such courts. The parties further agree

and consent that the court in any such action shall award fees and costs to the prevailing party, including reasonable attorney's fees.

18.     The Parties each represent and warrant that they have all requisite power and authority to enter into this Settlement Agreement and to perform all of their respective obligations hereunder.

19.     If any provision of this Settlement Agreement or its application to any person, entity or circumstance is deemed invalid or unenforceable, then the remainder of this Settlement Agreement or the application of such provision to other persons or circumstances shall not be affected thereby. If any provision or application of this Settlement Agreement is deemed invalid or unenforceable, then a suitable and equitable provision shall be substituted in order to carry out, so far as may be valid and enforceable, the intent and purpose of the invalid and/or unenforceable provision.

20.     Each Party shall bear its own attorneys' fees and costs in the Action, except as noted herein.

21.     This Settlement Agreement may be executed in any number of counterparts, each of which for all purposes shall be deemed to be original and all of which taken together shall constitute one and the same instrument. Facsimile or otherwise electronically transmitted signatures may be used with the same force and effect as original signatures.

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement as of the Effective Date above.

| | |
|---|---|
| DATED: March 15, 2014 | BEASTIE BOYS<br>By: _____<br>Name:<br>Title |
| DATED: March 15 2014 | MICHAEL DIAMOND<br>_____ |
| DATED: March ___, 2014 | ADAM HOROVITZ<br>_____ |
| DATED: March ___, 2014 | DECHEN YAUCH (AS EXECUTOR OF THE ESTATE OF ADAM YAUCH, DECEASED)<br>_____ |
| DATED: March 15 2014 | BROOKLYN DUST MUSIC<br>By: _____<br>Name:<br>Title |
| DATED: March 14, 2014 | GOLDIEBLOX INC.<br>By: _____<br>Name: Jannita Hanson<br>Title: COO/CFO |

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement as of the Effective Date above.

                                                             BEASTIE BOYS

DATED: March ___, 2014              By: _____
                                                                 Name:
                                                                 Title

                                                        MICHAEL DIAMOND

DATED: March ___, 2014              _____

                                                       ADAM HOROVITZ

DATED: March 16, 2014             [signature]

                                                       DECHEN YAUCH (AS EXECUTOR OF THE
                                                       ESTATE OF ADAM YAUCH, DECEASED)

DATED: March ___, 2014              _____

                                                       BROOKLYN DUST MUSIC

DATED: March ___, 2014              By: _____
                                                               Name:
                                                               Title

                                                       GOLDIEBLOX INC.

DATED: March 14, 2014             By: [signature]
                                                               Name: Jannita Hanson
                                                               Title: COO/CFO

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement as of the Effective Date above.

BEASTIE BOYS

DATED: March ___, 2014        By: _____
                                  Name:
                                  Title

MICHAEL DIAMOND

DATED: March ___, 2014        _____

ADAM HOROVITZ

DATED: March ___, 2014        _____

DECHEN YAUCH (AS EXECUTOR OF THE ESTATE OF ADAM YAUCH, DECEASED)

DATED: March 16, 2014         _____[signature]_____

BROOKLYN DUST MUSIC

DATED: March ___, 2014        By: _____
                                  Name:
                                  Title

GOLDIEBLOX INC.

DATED: March 14, 2014         By: _____[signature]_____
                                  Name: Jannita Hanson
                                  Title: COO/CFO