UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                :

BEASTIE BOYS, A NEW YORK              :
PARTNERSHIP, MICHAEL DIAMOND,     :
ADAM HOROVITZ AND DECHEN YAUCH  :    12 Civ. 6065 (PAE)
AS EXECUTOR OF THE ESTATE OF ADAM :
YAUCH, DECEASED, EACH                 :
INDIVIDUALLY AND COLLECTIVELY      :
D/B/A/ BROOKLYN DUST MUSIC,          :
                                                :
              Plaintiffs,                     :
     -v-                                 :
                                               :
MONSTER ENERGY COMPANY,             :
                                               :
              Defendant.                   :
                                               :
------------------------------------------------------------X

## PLAINTIFFS' OBJECTIONS AND RESPONSES TO
## DEFENDANT'S PROPOSED SUPPLEMENTAL JURY INSTRUCTIONS

                                          SHEPPARD MULLIN RICHTER
                                                &amp; HAMPTON LLP
                                          30 Rockefeller Plaza
                                          New York, New York  10112
                                          (212) 653–8700
                                          *Counsel for Plaintiffs*

Plaintiffs Beastie Boys, a New York Partnership, and Michael Diamond, Adam Horovitz and Dechen Yauch as Executor of the estate of Adam Yauch, deceased, d/b/a Brooklyn Dust Music (collectively, "Plaintiffs"), by their attorneys, Sheppard Mullin Richter & Hampton LLP, respectfully submit these objections to Defendants' Proposed Supplemental Jury Instructions ("Defendants' Instructions").

<u>Whether Plaintiffs Beastie Boys Partnership and Brooklyn Dust Music Partnership May Be Considered One Entity For Statutory Damages</u>

Plaintiffs have alleged that the Beastie Boys Partnership and the Brooklyn Dust Music Partnership are separate entities and are, therefore, entitled to two (2) awards of statutory damages for each song infringed.  However, if you conclude that the Beastie Boys Partnership and the Brooklyn Dust Music Partnership are so closely affiliated as to be considered one company, you should award a single award of statutory damages per song infringed.

Factors you may consider in determining whether the Beastie Boys Partnership and Brooklyn Dust Music Partnership are so closely affiliated as to be considered one company are:

1.   Ownership by the same individuals, both presently or throughout the lifetime of the partnerships.

2.   The existence of overlapping members between the partnerships, both presently or throughout the lifetime of the partnerships;

3.   Overlapping identity of interests and incentives between the two partnerships;

4.   Whether the two partnerships operate out of the same place of business, or share offices;

5.   Whether the two partnerships share employees, agents, managers, or other representatives;

      6.       Whether the two partnerships have overlapping contracts or agreements;

      7.       Whether the businesses of the two partnerships are related; and

      8.       Whether there is an identity of interest.

      9.       Whether the two partnerships were injured in the same way by the same alleged unlawful acts.

      10.     Whether the asset(s) owned by each partnership relate to the same underlying music.

**OBJECTION**

The issue of whether Brooklyn Dust Music and Beastie Boys partnership are so closely affiliated so as to be considered the same company for statutory damages purposes is more succinctly and appropriately stated in Plaintiffs' Supplemental Proposed Final Jury Instruction No. 22.1. Accordingly, Plaintiffs' Supplemental Proposed Final Jury Instruction No. 22.1 is a more appropriate charge. Furthermore, Plaintiffs object to Defendants' proposed instruction on this issue, as it misstated the burden of proof and makes incorrect statements of law.

As *Teevee Toons, Inc. v. MP3.com, Inc.*, 134 F. Supp. 2d 546, n. 1 (S.D.N.Y. 2001), makes clear, it is Defendant's burden to prove that Brooklyn Dust Music and Beastie Boys partnership are so closely affiliated so as to be considered the same company for statutory damages purposes. Defendant's instruction suggests otherwise.

Additionally, the factors listed by Defendant for determining whether Brooklyn Dust Music and Beastie Boys partnership are so closely affiliated as to be considered the same company for statutory damages purposes are not supported by the law. The authority cited by Defendant, deals with the issue of privity for purposes of a *res judicata* analysis, and Defendant's reliance on such authority is inappropriate.

-4-

Furthermore, Defendant's reliance on *King Records, Inc. v. Bennett*, 438 F Supp 2d 812, 864 (M.D. Tenn. 2006) is misplaced. That case addressed an award of statutory damages where multiple sound recordings were registered with the Copyright Office under compilation registrations. *Id.* at 864-65. Such a finding is irrelevant to whether separate plaintiffs may recover on their respective musical composition and sound recordings copyrights in the same work.

Discretion to Discount Statutory Damages to Avoid Double Compensation

As I have mentioned, you have broad discretion in awarding statutory damages within the ranges prescribed.  If you believe that awarding Plaintiffs two awards of statutory damages for each song infringed would be cumulative or unwarranted in the circumstances presented, you may exercise your discretion to discount the award.  For example, you may determine that under the facts of this case, awarding two separate awards for each song would constitute double compensation to Plaintiffs for the same injury and a sufficient deterrent effect can be accomplished under a single award of statutory damages per song.  Likewise, you may also consider whether Plaintiffs' musical compositions had any independent economic value to Defendant, or whether it was simply incorporated into the value of the sound recordings in the Video.

**OBJECTION**

The instruction on the factors the jury may consider in connection with any award of statutory damages is more appropriately stated in Plaintiffs' Proposed Final Jury Instruction No. 22.  Plaintiffs object to this instruction as it improperly places emphasis on two particular statutory damages factors, the deterrent effect on defendant and the deterrent effect on other would be infringers, while discounting the importance of the other five factors.  Such emphasis would be inappropriate and an erroneous description of the law.  Defendant's reliance upon *Tu v. Tad Sys. Tech.*, No. 2009 U.S. Dist. LEXIS 82410, at *12-13 (E.D.N.Y. Sept. 9, 2009), is misplaced.  That case is inapplicable here, as, in that case, the court precluded the one plaintiff from recovering damages three times under claims made pursuant to the Copyright act, the Digital Millennium Copyright Act and the Lanham Act.  *Sparaco v. Lawler, Matusky, Skelly Engrs., LLP*, 313 F Supp.2d 247, 255 (S.D.N.Y. 2004) reaches the same conclusion with respect to breach of contract and copyright claims.

Furthermore, the instruction proposed by Defendant here suggests that, if the jury determines that Brooklyn Dust and Beastie Boys are each entitled to an award of statutory damages, it may decline to provide an award to one of those entities.  Such a suggestion is clearly contrary to the statutory damages scheme for copyright infringement, which requires that, even in the case of innocent infringement, a minimum award be made. *See* 17 U.S.C. § 504. Under these circumstances, Defendant's instruction, which inappropriately emphasizes certain statutory damages factors and fails to account for the requirement that some statutory damages award must be made if the jury determines that Brooklyn Dust and Beastie Boys are each entitled to such an award, providing this instruction to the jury would constitute clear error.

**Section 43(a) of Lanham Act - Infringement Elements and Burden of Proof**

On the plaintiffs' claim for False Designation of Origin under Section 43(a) of Lanham Act, the plaintiffs have the burden of proving each of the following elements by a preponderance of the evidence:

1. Plaintiffs' mark is a valid, protectable trademark

    a. "MCA" is not a registered trademark. Unregistered trademarks must be proved to be valid by the plaintiff. A valid trademark is a word, symbol, or device that is either:

      i. inherently distinctive; or

      ii. descriptive, but has acquired a secondary meaning.

    b. Only a valid trademark can be infringed. Only if you determine plaintiffs proved by a preponderance of the evidence that the MCA mark is a valid trademark, and has been used by plaintiffs as a trademark, should you consider whether defendant's actions infringed it.

2. plaintiffs use the term as a trademark; and

3. the defendant used plaintiffs' mark without the consent of the plaintiffs in a manner that is likely to cause confusion, or to cause mistake or deception, among ordinary and reasonable consumers as to the source, sponsorship, affiliation, or approval of the goods, services or in connection with the defendant's activities.

**OBJECTION**

Defendants misconstrue Plaintiffs' claim as a false designation of origin claim. Plaintiffs claim for unfair competition in the form of false endorsement is more succinctly and appropriately stated in Plaintiffs' Proposed Final Jury Instruction Nos. 23-28, including Plaintiffs' Supplemental Proposed Final Jury Instructions Nos. 27.1-27.3. Accordingly,

-8-

Plaintiffs' Proposed Final Jury Instruction Nos. 23-28, including Plaintiffs' Supplemental Proposed Final Jury Instructions Nos. 27.1-27.3, are more appropriate charges.

Likelihood of Confusion Factors

In evaluating whether or not there is a likelihood of confusion, you are to consider various factors, including those that I will discuss momentarily. These factors are simply a guide to help you determine whether confusion is likely to result from use of the Plaintiffs' marks. No single factor or consideration is dispositive, and Plaintiffs need not prove that all, or even most, of the factors listed below are present in any particular case to be successful. Nor are you limited to consideration of only these factors. You must consider and weigh all of the relevant evidence in determining whether there is a likelihood of confusion. Factors you may consider include:

1. *Strength or weakness of Plaintiffs' mark.* Strong marks receive a broad level of protection under the trademark laws; weak marks receive a narrower range of protection. In evaluating the strength of Plaintiffs' mark, you should not rely solely on the fact that Plaintiffs have a registered trademark as an indicator of strength. A mark's strength is measured by both its inherent strength (how distinctive it is) and by its acquired strength (the degree of consumer recognition it has obtained in the marketplace). The more that purchasers or users associate Plaintiffs' trademark uniquely with a single source of a product or service, then the stronger Plaintiffs' mark is and the more likely it is that purchasers or users would be confused about the source of the products or services if Defendants use a similar mark.

2. *Degree of similarity or dissimilarity between the marks of Plaintiffs' and Defendants.* In evaluating the similarity or dissimilarity of the marks of Plaintiffs and Defendants, each mark must be considered as a whole Likelihood of confusion cannot be based on dissection of a mark, that is, on only part of a mark. Although there is nothing improper in giving more or less weight to a particular feature of a mark, the ultimate conclusion as to the similarity or dissimilarity of the marks must rest on consideration of the marks in their entireties. You should consider the overall impression created by the marks, keeping in mind all the things

that the general buying public will likely perceive and remember about the marks, including their similarities in sight, sound, and meaning, as well as designs, fonts, colors, and other elements.

      3.    *Competitive proximity or similarity of the parties' products or services.*  If both parties use their marks to market the same, related, or complementary types of products or services, then the likelihood of confusion increases.  If the parties' respective goods or services are unrelated, then the likelihood of confusion decreases.

      4.    *Likelihood that Plaintiffs will "bridge the gap" between their products or services and Defendants'.*  If the two parties are marketing different products, the probability that Plaintiffs will begin selling the same, related, or complementary products to Defendants' must also be considered.  If that probability is high, then the likelihood of confusion increases; conversely, if that probability is low, the likelihood of confusion decreases.

      5.    *Actual confusion.*  Actual confusion is not required for you to find a likelihood of confusion.  However, if Defendants' use of Plaintiffs' mark has led to instances of actual confusion among relevant consumers, this may be a strong indication that confusion is likely.  Even if there are instances of actual confusion, you may conclude that there is no likelihood of confusion if, for example, the instances of actual conclusion were rare and infrequent.

      6.    *Marketing and advertising channels used.*  If the parties' respective products or services are likely to be sold in the same or similar channels of trade, or to the same or similar classes of customers, or advertised in similar media, this may increase the likelihood of confusion.  Conversely, if the parties' respective products or services are likely to be sold in different outlets, or to different classes of customers, or advertised in different media, this may reduce any likelihood of confusion.

**OBJECTION**

The likelihood of confusion factors for Plaintiffs' claim for unfair competition in the form of false endorsement are more succinctly and appropriately stated in Plaintiffs' Proposed Final Jury Instruction No. 25. Accordingly, Plaintiffs' Proposed Final Jury Instruction No. 25 is a more appropriate charge.

Plaintiffs object to Defendants' proposed instruction as being inapplicable to the instant false endorsement claim. Defendants' instruction is improperly directed to hornbook trademark infringement consideration. All of this language is inapplicable here and would confuse the jury. Plaintiffs further object to this instruction as improperly selecting a limited number of the factors set forth in *Polaroid Corp. v. Polaroid Elecs. Corp.,* 287 F.2d 492 (2d Cir. 1961) that courts in the Second Circuit weigh in determining whether there is a likelihood of consumer confusion. Defendants cite no authority for the particular factors that they choose here or how they are to be explained to the jury. Plaintiffs, on the other hand, have identified caselaw in this District applying the *Polaroid* factors to the false endorsement context. This has formed the basis for Plaintiffs' Proposed Final Jury Instruction No. 25. In *Bruce Lee Enterprises, LLC v. A.V.E.L.A., Inc.*, 2013 WL 822173 (S.D.N.Y. March 6, 2013), the court agreed with the Ninth Circuit's approach to false endorsement cases, which equates the term "mark" with the celebrity's persona. *See Downing v. Abercrombie & Fitch*, 265 F. 3d 994, 1007 (9th Cir. 2001). Under this approach, "the term `mark' applies to the celebrity's persona" and "the `strength' of the mark is the level of recognition the celebrity has among the segment of the public to whom the goods are advertised is directed." *Id.* The court in *Bruce Lee* thereupon concluded that, although many of the *Polaroid* factors are inapplicable in a false endorsement case, the relevant factors are "the level of recognition [plaintiff] has among purchasers of [defendants' products], the similarity between [plaintiff's mark] and the mark used by [defendant], the level of actual

-12-

consumer confusion regarding who endorsed the [defendant's products], [defendant's] intention in selecting [plaintiff's mark], the quality of [defendant's products], and the sophistication of purchasers [of defendant's products]." 2013 WL 822173 at 20.