UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                               :
BEASTIE BOYS, A NEW YORK                                       :
PARTNERSHIP, MICHAEL DIAMOND,                                  :
ADAM HOROVITZ AND DECHEN YAUCH                                 :   12 Civ. 6065 (PAE)
AS EXECUTOR OF THE ESTATE OF ADAM                              :
YAUCH, DECEASED, EACH                                          :
INDIVIDUALLY AND COLLECTIVELY                                  :
D/B/A/ BROOKLYN DUST MUSIC,                                    :
                                                               :
              Plaintiffs,                                      :
       -v-                                                     :
                                                               :
MONSTER ENERGY COMPANY,                                        :
                                                               :
              Defendant.                                       :
                                                               :
---------------------------------------------------------------X

## PLAINTIFFS' SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS

SHEPPARD MULLIN RICHTER
   & HAMPTON LLP
30 Rockefeller Plaza
New York, New York  10112
(212) 653–8700
*Counsel for Plaintiffs*

## **SUPPLEMENTAL PROPOSED FINAL JURY INSTRUCTIONS**

PLAINTIFFS' SUPPLEMENTAL PROPOSED FINAL JURY INSTRUCTION NO. 22.1

### **Statutory Damages – Copyright (Separate Companies)**

Where musical composition copyrights and sound recording copyrights are held by two different entities, each entity is entitled to its own award of statutory damages. Plaintiffs have alleged that Beastie Boys, a New York Partnership owns the sound recording copyrights at issue. A "partnership" is an association of two or more persons to carry on a business as co-owners of a business for profit. The members of a partnership are called "partners." A partner is acting within the scope of the partnership business when doing anything either expressly or impliedly authorized by the partnership or which is in furtherance of the partnership business. An act or omission of a partner within the scope of the partnership business is the act or omission of all partners. A partner's interest in the partnership is his or her share of the profits of and any surplus generated by the partnership.

Michael Diamond, Adam Horovitz and Dechen Yauch, individually and collectively doing business as, Brooklyn Dust Music, own the musical composition copyrights at issue.

Defendant claims that the Beastie Boys partnership and Brooklyn Dust Music are so closely affiliated as to be considered one company. Under the law two business entities must be treated as separate entities unless it has been shown that those business entities have been used to perpetrate a fraud or those entities are alter egos of one another. Defendant bears the burden of proving that the Beastie Boys partnership and Brooklyn Dust Music have been used to achieve fraud, or have been so dominated by an one another and their separate identity has been so disregarded that they can be considered alter egos. Some factors you may consider in determining whether Defendant has met its burden of showing whether Beastie Boys partnership and Brooklyn Dust Music are alter egos of one another include: (1) whether the Beastie Boys partnership and Brooklyn Dust Music observe the formalities and paraphernalia of their separate

existence, such as the maintenance of separate records, (2) whether the Beastie Boys partnership and Brooklyn Dust Music have adequate capital to conduct their respective businesses, (3) whether funds are put in and taken out of the Beastie Boys partnership and Brooklyn Dust Music for personal rather than business purposes, (4) the overlap in ownership, officers, directors, partners and personnel, (5) common office space, addresses and telephone numbers for those entities, (6) the amount of business discretion displayed by the Beastie Boys partnership and Brooklyn Dust Music, (7) whether the Beastie Boys partnership and Brooklyn Dust Music deal with each other at arm's length, (8) whether the Beastie Boys partnership and Brooklyn Dust Music are treated as independent profit centers, (9) whether the Beastie Boys partnership and Brooklyn Dust Music pay or guarantee each other's debts, and (10) whether property of the Beastie Boys partnership and Brooklyn Dust Music is used by those entities interchangeably.

If you find, after considering those factors, that Defendant has shown that Beastie Boys partnership and Brooklyn Dust Music are so closely affiliated as to be considered one company, both entities are only entitled to a single award of statutory damages.

Authority:  See O'Malley, et al., *Federal Jury Practice & Instructions* §§ 108.07; N.Y. P'Ship Law § 52; *William Passalacqua Builders, Inc. v. Resnick Developers South, Inc.,* 933 F. 2d 131, 136  (2d Cir. 1990); *Itel Containers Int'l Corp. v. Atlanttrafik Exp. Serv. Ltd.*, 909 F.2d 698, 703 (2d Cir. 1990); *Teevee Toons, Inc. v. MP3.com, Inc.*, 134 F. Supp.2d 546, 548, n. 1 (S.D.N.Y. 2001).

PLAINTIFFS' SUPPLEMENTAL PROPOSED FINAL JURY INSTRUCTION NO. 27.1

**Damages – False Endorsement (Actual Damages)**

For Plaintiffs to receive an award of Plaintiffs' monetary damages on their false endorsement claim, Plaintiffs must prove either: (1) actual consumer confusion or deception resulting from Defendant's conduct, or (2) bad faith, meaning Defendant's actions were intentionally deceptive thus giving rise to a rebuttable presumption of consumer confusion.

With respect to direct proof of actual consumer confusion, such evidence is often unavailable. In such circumstances, proof of actual consumer confusion or deception may consist instead of circumstantial evidence such as consumer surveys, market analysis or the nature of a defendant's misconduct. If you find that the product falsely presented to the public here could not be meaningfully inspected by consumers, you may use your common sense to consider whether consumers were deceived by Defendant's conduct.

With respect to whether Defendant's actions were intentionally deceptive, if it is shown that Defendant deliberately engaged in a deceptive commercial practice, you may infer that Defendant has succeeded in confusing the public. A deliberate attempt to misrepresent that unofficial and unlicensed products were in reality official and licensed may be a factor in determining whether such action was intentionally deceptive. If you find that Defendant engaged in a deceptive commercial practice, the burden shifts to Defendant to demonstrate the absence of consumer confusion.

Authority: The Court's March 18, 2014, Opinion and Order (Dkt. 90) (the "March 18 Order") at 19 (citing *Champagne v. Diblasi*, 36 F. App'x 15, 17 (2d Cir. 2002)); *Getty Petroleum Corp. v. Island Transp. Corp.*, 878 F.2d 650, 656 (2d Cir. 1989); *New York Racing Assoc. v. Stroup*, 920 F. Supp. 295, 300 (N.D.N.Y. 1996); *Resource Developers, Inc. v. Statue of Liberty-Ellis Island Foundation, Inc.*, 926 F.2d 134, 140 (2d Cir. 1991).

-5-

PLAINTIFFS' SUPPLEMENTAL PROPOSED FINAL JURY INSTRUCTION NO. 27.2

**Damages – False Endorsement (Defendant's Profits)**

For Plaintiffs to receive an award of Defendant's profits on their unfair competition claim, Plaintiffs must prove that the misuse of the Beastie Boys Marks was willful. To prove willfulness, Plaintiffs must show: (1) that the Defendant was actually aware of the infringing activity, or (2) that the Defendant acted with reckless disregard or willful blindness.

Plaintiff does not need to prove actual damages to be awarded Plaintiff's profits. If you find that the misuse of the Beastie Boys Marks was willful, you may award Defendant's profits: (1) as a measure of Plaintiffs' damages; (2) if Defendant is unjustly enriched; or (3) if necessary to deter Defendant from doing so again.

Willful blindness means that the Defendant knew it might be infringing upon the Beastie Boys Marks but nevertheless intentionally shielded itself from discovering the truth. If you find that Defendant failed to verify that it was authorized to use the Beastie Boys Marks, or that Defendant failed to check with Plaintiffs to determine if the use of the Beastie Boys Marks was authorized, you may, but are not required to, infer that Defendant acted with reckless disregard or willful blindness.

Authority: March 18 Order at 19 (citing *Fendi Adele, S.R.L. v. Ashley Reed Trading Inc.*, 507 F. App'x 26, 30-31 (2d Cir. 2013); *Fendi*, 507 F. App'x at 31; *Bambu Sales v. Ozak Trading*, 58 F.3d 849, 854 (2d Cir 1995); *International Star Class Yacht Racing Ass'n v. Tommy Hilfiger, U.S.A., Inc.*, 80 F.3d 749, 753 (2d Cir. 1996); *W.E. Bassett v. Revlon Inc.*, 435 F.2d 656, 664 (2d Cir. 1970).

-6-

PLAINTIFFS' SUPPLEMENTAL PROPOSED FINAL JURY INSTRUCTION NO. 27.3

**Damages – False Endorsement (Defendant's Profits – Calculating the Amount)**

If you determine that Defendant willfully infringed upon the Beastie Boys Marks, you must award Plaintiffs Defendants profits.  In assessing Defendant's profits, the Plaintiffs are only required to prove the amount of Defendant's sales during the period that Defendant was willfully infringing upon the Beastie Boys Marks.

If you find that Plaintiffs have provided proof of the amount of Defendant's sales during the period Defendant was willfully infringing upon the Beastie Boys Marks, Defendant may seek to reduce that amount.  Defendants may seek to reduce that amount by Defendant's costs or other amounts that Defendant claims should be deducted from its sales, or by showing that the sales that Defendant made during the relevant period was not attributable to Defendant's infringement upon the Beastie Boys Marks.  It is Defendant's burden to prove that it is entitled to any such deductions.

Authority: 15 U.S.C. § 1117(a); *Rexall Sundown, Inc. v. Perrigo Co.*, 707 F. Supp. 357, 359 (E.D.N.Y. 2010); *Phat Fashions LLC v. Blue Max Corp.*, 2005 WL 1221838 (S.D.N.Y. May 2, 2005); *New York Racing Assoc. v. Stroup*, 920 F. Supp. 295, 300 (N.D.N.Y. 1996).