```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BEASTIE BOYS, A NEW YORK PARTNERSHIP,           :
MICHAEL DIAMOND, ADAM HOROVITZ AND              :   Case No. 12 CV 6065(PAE)
DECHEN YAUCH AS EXECUTOR OF THE ESTATE          :
OF ADAM YAUCH, DECEASED, EACH                   :
INDIVIDUALLY AND COLLECTIVELY D/B/A             :
BROOKLYN DUST MUSIC,                            :
                                                :
                        Plaintiffs,             :   DEFENDANT'S
                                                :   PROPOSED VERDICT
            -against-                           :   FORM
                                                :
MONSTER BEVERAGE COMPANY,                       :
                                                :
                        Defendant.              :
------------------------------------------------------------------X
```

PAUL A. ENGELMAYER, U.S.D.J.:

**YOUR ANSWERS MUST BE UNANIMOUS**

<u>COPYRIGHT ACT</u>

Monster Energy Company ("Monster") has not contested liability under the claim of copyright infringement **only** for its use of parts of Plaintiffs' five (5) songs in the Ruckus in the Rockies Video. Thus, with respect to the claim for copyright infringement **only**, you need only address whether damages should be awarded against Monster for copyright infringement and, if so, how much.

1.  <u>Damages</u>:

    A.  <u>Actual Damages</u>

        i.  Have Plaintiffs proven, by a preponderance of the evidence, that they are entitled to receive damages from Monster based on the fair market value of a license for the use of parts of their five (5) songs in the Ruckus in the Rockies Video?

            YES _____   NO _____

    **IF YOU ANSWER NO, THEN SKIP TO PART B**

  ii. If you answer yes to 1A, what is the fair market value of a license that a willing buyer would pay to a willing seller for the use of parts of five (5) songs on the Ruckus in the Rockies Video which was available only on the Monster Energy YouTube channel for a period of five (5) weeks?

    $ _____

**B.** <u>Statutory Damages</u>

  **i.** **The Number of Awards**

   a. Do you find that Plaintiffs Beastie Boys Partnership and Brooklyn Dust Music are so closely affiliated as to be considered one entity for statutory damages?

    YES _____ NO _____

   b. With respect to the songs "Pass the Mic" and "So What'Cha Want," do you find by a preponderance of the evidence that Plaintiffs published the songs separately?

    YES _____ NO _____

Based on your answers to **a.** **and** **b.**, the number of awards of statutory damages that the Plaintiffs should receive for Monster's use of the five (5) songs in the Video are:

   Four (4) _____ **OR**
   Five (5) _____ **OR**
   Nine (9) _____ **OR**
   Ten (10) _____

  **ii.** **The Amount Per Award**

   a. Do you find that Monster acted **innocently**, as defined by the Court's instructions?

    YES _____ NO _____

   If yes, then what is the amount of statutory damages to which Plaintiffs are entitled for each work infringed?

    $ _____

    **OR**

2

  **b.** Do you find that Monster acted **neither innocently nor willfully**?

    YES _____ NO _____

    If yes, then what is the amount of statutory damages to which Plaintiffs are entitled for each work infringed?

    $ _____

**OR**

  **c.** Do you find that Monster acted **willfully**?

    YES _____ NO _____

    If yes, then what is the amount of statutory damages to which Plaintiffs are entitled for each work infringed?

    $ _____

## LANHAM ACT

**2.** <u>Valid, Protectable Trademark</u>

 **A.** With respect to the "Beastie Boys" mark, do you find that Plaintiffs have proven by a preponderance of the evidence that they own a valid protectable trademark?

  YES _____ NO _____

 **B.** With respect to "MCA," which is not a registered trademark, do you find that Plaintiffs have proven by a preponderance of the evidence that:

  **i.** "MCA" is inherently distinctive

   YES _____ NO _____

**OR**

  **ii** "MCA" is descriptive but has acquired secondary meaning?

   YES _____ NO _____

    **C.**    With respect to "MCA," do you find that such name has functioned as a trademark to identify the source of any goods or services?

                YES _____ NO _____

Only a valid trademark can be infringed. If you have found that one or both of Plaintiffs' alleged marks are not valid or do not function as trademarks, then you may **not** consider whether Monster's actions infringed that mark.

**3.**    <u>Liability</u>

    **A.**    Did Monster's use of Plaintiffs' valid mark(s) constitute nominative fair use, as defined in the Court's instructions?

                YES _____ NO _____

**IF YOU FIND THAT MONSTER'S USE CONSTITUTED NOMINATIVE FAIR USE, THEN PROCEED NO FURTHER.**

    **B.**    If you answer no, have Plaintiffs proven by a preponderance of the evidence that Monster, in connection with any goods or services, or any container for goods, used in commerce any of Plaintiffs' words, terms, names, symbols, or devices, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact?

                YES _____ NO _____

**IF YOU ANSWER NO, THEN PROCEED NO FURTHER**

        If you answer yes to 3B, have Plaintiffs proven by a preponderance of the evidence that Monster's use of Plaintiffs' valid mark(s) was likely to cause confusion, or likely to cause mistake, or likely to cause deception, as to affiliation, connection or association between Plaintiffs and Monster, or as to the origin, sponsorship, or approval of Monster's goods, services, or commercial activities by Plaintiffs?

                YES _____ NO _____

**IF YOU ANSWER NO, THEN PROCEED NO FURTHER**

4.  <u>Damages</u>

    A.  <u>Actual Damages</u>

    i.  Have Plaintiffs proven by a preponderance of the evidence actual consumer confusion or deception resulting from Monster's actions with respect to Plaintiffs' valid mark(s)?

    YES _____ NO _____

    **AND**

    ii. Have Plaintiffs proven by a preponderance of the evidence that their damages were caused by Monster's use of their mark(s)?

    YES _____ NO _____

**IF YOU ANSWER NO TO EITHER 4Ai OR 4Aii, THEN PROCEED NO FURTHER**

    iii. If you answer yes to both 4Ai and 4Aii, then what is the dollar amount, if any, that Plaintiffs have proven by a preponderance of the evidence that they would be entitled to from Monster to compensate them for their actual damages under their Lanham Act claim?

    $ _____

    B.  <u>Profits</u>

    i.  <u>Willfulness</u>

    With respect to Plaintiffs' claims under the Lanham Act, have Plaintiffs proven by a preponderance of the evidence that Monster was actually aware of the infringing activity with respect to Plaintiffs' valid mark(s) and intended to deceive consumers with respect to use of Plaintiffs' valid mark(s)?

    YES _____ NO _____

**IF YOU ANSWER NO, THEN PROCEED NO FURTHER**

**ii.** <u>Amount</u>

If you find that Plaintiffs have proven by a preponderance of the evidence that Monster was actually aware of the infringing activity and intended to deceive consumers, what amount, if any, of Defendants' profits are attributable to the infringement, which Plaintiffs would be entitled to?

$ _____

*You are finished. Each juror who agrees with this verdict must sign below:*