UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BEASTIE BOYS, et al.,

                     Plaintiffs,

-against-

MONSTER ENERGY COMPANY,
                     Defendant.
------------------------------------------------------------X

12 **CIVIL** 6065 (PAE)

**FINAL JUDGMENT**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/24/2015

Whereas the Court has resolved the disputes in the above-captioned case through a series of Opinions and Orders, *see* Dkt. 51, 181, 201, 202, 216, specifically:

Whereas on November 4, 2013, the Court having rendered an Opinion and Order granting Third-Party defendant Zach Sciacca's, a/k/a "Z-Trip," motion for summary judgment, dismissing Sciacca from this action, and dismissing Monster's third party complaint;

Whereas this Court having held a jury trial from May 27 - June 5, 2014, and at the conclusion of the trial, the jury having awarded the Beastie Boys, on the copyright claim, alternative awards of $1 million in actual damages and $1.2 million in statutory damages; and on the Lanham Act claim, $500,000 in damages;

Whereas Monster having moved for a judgment as a matter of law under Federal Rule of Civil Procedure 50, and alternatively for a new trial under Rule 59 or for a reduction in damages; in an Opinion and Order dated December 4, 1014, the Court having denied Monster's motions pursuant to Rules 50 and 59;

Whereas the Beastie Boys' having moved for a permanent injunction, and the Court on February 20, 2015, having rendered its Opinion and Order granting the Beastie Boys' motion for a permanent injunction, limited to the infringing version of Monster's Ruckus Video at issue in this litigation; Specifically Ordering that:

(1) Monster and Monster's employees, officers, successors, partners, agents, and assigns are permanently enjoined from reproducing, publicly displaying, distributing, performing, or promoting the version of Monster's "Rukus in the Rockies 2012" video that included copyright musical compositions and sound recordings owned and controlled in whole or in part by the Beastie Boys or Brooklyn Dust music, and that contained text referring to the Beastie Boys and to one of the group's members: and

(2) By March 6, 2015, Monster shall remove the infringing video from all places where it has been stored and/or made available by Monster, shall destroy any and all copies of that video, and shall certify to such removal and destruction in a written undertaking filed with the Court; Counsel for Monster, however, are authorized to retain a copy of the video for purpose of representing Monster in this litigation and any appeal, and are at liberty to make use of the video for purposes of representing Monster's legal interest;

Whereas in an Opinion and Order dated February 20, 2015, the Court apportioned copyright damages among the plaintiffs in this case; for the reasons stated therein, the Court having awarded a total of $300,000 to the Beastie Boys for Monster's infringement of the five sound recording copyrights at issue in this litigation; and the Court also having awarded a total of $491,400 to Brooklyn Dust for Monster's infringement of the five musical composition copyrights;

Whereas on March 23, 2015, the Court having Memo Endorsed Defendant's letter ordering that defendants notice of appeal shall be due 30 days after the Clerk's Judgment is issued in this case; and

Whereas the Court, on June 15, 2015, having rendered its Opinion and Order awarding the Beastie Boys attorneys' fees in the amount of $667,849.14, and directing the Clerk of Court to close

this case, it is,

**ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Jury's Verdict dated June 5, 2014, and the Court's Opinion and Orders dated November 4, 2013, December 4, 2014, February 20, 2015, and June 15, 2015, judgment is entered in favor of the Plaintiffs as follows:

1. Third-Party defendant Zach Sciacca's, a/k/a "Z-Trip," motion for summary judgment is granted; Sciacca is dismissed from this case, and Monster's third party complaint is dismissed;

2. The jury finds in favor of the Plaintiffs and awards the Beastie Boys, on the copyright claim, alternative awards of $1 million in actual and $1.2 million in statutory damages; and on the Lanham Act claim, $500,000 in damages;

3. The Court denies Monster's motions pursuant to Rules 50 and 59;

4. The Court grants the Beastie Boys' motion for a permanent injunction, limited to the infringing version of Monster's Ruckus Video at issue in this litigation; Specifically Ordering that:

    (1) Monster and Monster's employees, officers, successors, partners, agents, and assigns are permanently enjoined from reproducing, publicly displaying, distributing, performing, or promoting the version of Monster's "Rukus in the Rockies 2012" video that included copyright musical compositions and sound recordings owned and controlled in whole or in part by the Beastie Boys or Brooklyn Dust music, and that contained text referring to the Beastie Boys and to one of the group's members: and

    (2) By March 6, 2015, Monster shall remove the infringing video from all places where it has been stored and/or made available by Monster, shall destroy any and all copies

of that video, and shall certify to such removal and destruction in a written undertaking filed with the Court; Counsel for Monster, however, are authorized to retain a copy of the video for purpose of representing Monster in this litigation and any appeal, and are at liberty to make use of the video for purposes of representing Monster's legal interest;

5. The Court awards a total of $300,000 to the Beastie Boys for Monster's infringement of the five sound recording copyrights at issue in this litigation; and the Court also awards a total of $491,400 to Brooklyn Dust for Monster's infringement of the five musical composition copyrights;

6. The Court awards the Beastie Boys attorneys' fees in the amount of $667,849.14;

7. This case is closed, and the deadline to file any notice of appeal is 30 days after the issuance of this Judgment.

**Dated:** New York, New York
June 24, 2015

**RUBY J. KRAJICK**

Clerk of Court

BY: _____

Deputy Clerk

**THIS DOCUMENT WAS ENTERED ON THE DOCKET ON** _____